HENDRY, Judge.
Appellant is Metropolitan Dade County, the employer and self-insurer of appellee, Louis Taddia, under the workmen’s compensation law. It appeals an order of the trial court denying appellant recovery for any of the benefits which it had paid and would *805 pay in the future under its workmen’s compensation insurance coverage of the employee, Taddia.
Louis Taddia was injured through the negligence of third parties while in the course and scope of his employment in the latter part of 1976 and again in mid-1977. The back injury sustained in the 1976 accident was exacerbated by the second accident in 1977. Suit was instituted against the third party in the 1977 accident, and the appellant filed its notice of lien; appellees settled the third-party claim within the third-party’s insurance coverage. Thereafter a hearing was had on the motion for equitable distribution to determine the extent of the recovery of appellant on the lien. The trial court entered the subject order finding that appellant “shall be denied any distribution and/or recovery of the benefits paid or to be paid inasmuch as the plaintiff has not recovered the full value of his damages sustained because of the limit of insurance coverage available” and the court thereby extinguished the appellant’s notice of lien. We find that on the basis of the instant record and the applicable law, reversal is necessary.
Section 440.39, Florida Statutes (1975) states:
“(1) If an employee, subject to the provisions of the Florida Workmen’s Compensation Law, is injured or killed in the course of his employment by the negligence or wrongful act of a third party tort-feasor, such injured employee or, in the case of his death his dependents, may accept compensation benefits under the provisions of this law, and at the same time such injured employee, his dependents or personal representatives may pursue his remedy by action at law or otherwise against such third party tort-feasor. “(2) If the employee or his dependents shall accept compensation or other benefits under this law or begin proceedings, therefor, the employer or, in the event the employer is insured against liability hereunder then the insurer, shall be sub-rogated to the rights of the employee or his dependents against such third party tort-feasor, to the extent of the amount of compensation benefits paid or to be paid as provided by subsection (3).
“(3)(a) In all claims or actions at law against a third party tort-feasor, the employee, or his dependents, or those entitled by law to sue in the event he is deceased, shall sue for the employee individually, and for the use and benefit of the employer if a self-insurer, or employer’s insurance carrier in the event compensation benefits are claimed or paid, and such suit may be brought in the name of the employee or his dependents or those entitled by law to sue in the event he is deceased, as plaintiff or, at the option of such plaintiff may be brought in the name of such plaintiff and for the use and benefit of the employer or insurance carrier, as the case may be. Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover 50 percent of what it has paid and future benefits to be paid unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party. Notice of suit being filed and notice of payment of compensation benefits shall be served upon the compensation carrier and upon all parties' to the suit or their attorneys of record.
“(b) If the employer or insurance carrier has given written notice of his rights of subrogation to the third party tort-feasor, *806 and, thereafter, settlement of any such claim or action at law is made, either before or after suit is filed, and the parties fail to agree on the proportion to be paid to each, the circuit court of the county in which the cause of action arose shall determine the amount to be paid to each by such third party tort-feasor in accordance with the provisions of paragraph (a) above.”
As stated in (3)(a) above, the employer or carrier shall recover 50 percent of what it has paid and future benefits to be paid unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The record shows that there can be no question of comparative negligence, since Louis Taddia was a passenger in the motor vehicle involved in the 1977 accident. However, the evidence contained in the record before us is insufficient to demonstrate whether the value of damages exceeded the amount received in the settlement. Thus, it is required in this cause that an evaluation be made of the full or true value of the claim, since the third-party claim was settled prior to the full value of the claim having been established by the verdict of a judge or a jury. The lower tribunal made no explicit finding as to the true value of plaintiff’s case and the record does not reflect any basis which would permit us to make an informed assessment of the court’s conclusion. Clearly, we are unable to determine whether the court abused its discretion.
The order on petition for equitable distribution is reversed and the cause remanded for further consideration in light of this opinion, the requirements of the statute and caselaw authority. See, Fireman’s Insurance Company of Newark v. Phillips, 368 So.2d 98 (Fla. 3d DCA 1979); Liberty Mutual Insurance Company v. Williams, 356 So.2d 54 (Fla. 4th DCA 1978); National Ben Franklin Insurance Company v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976). The court may in its discretion permit the parties an opportunity to submit additional evidence relative to the issue of equitable distribution.
Reversed and remanded.