402 So.2d 1273 (1981)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Effie CULMER and Cameron Culmer, Her Husband, Appellees.
No. 80-2130.
District Court of Appeal of Florida, Third District.
August 11, 1981.
*1274 Vernis, Bowling, West, Montalto & Goodman and R. David Donlin, Miami, for appellant.
Fromberg, Fromberg & Roth and Jeffrey Michael Cohen, Miami, for appellees.
Before BARKDULL and FERGUSON, JJ., and MELVIN, WOODROW M. (Ret.), Associate Judge.
MELVIN, WOODROW M. (Ret.), Associate Judge.
In November, 1978, plaintiff Effie Culmer was injured in a motor vehicle accident while in the course and scope of her employment with the Florida Department of Health & Rehabilitative Services (the Department), who paid medical and compensation benefits on her behalf. Mrs. Culmer and her husband, Cameron, brought suit[1] against the other parties involved in the accident. Ultimately, a $21,600 settlement was entered into among the various parties.[2] Prior to this settlement, the Department, as Mrs. Culmer's employer/carrier, filed a Notice of Lien for Payment of Compensation and Medical Benefits. Following the settlement, the Culmers moved for a determination of equitable distribution.
At the time of the hearing on this motion, the Department had paid $9,438 in medical and compensation benefits on behalf of Mrs. Culmer. (At a subsequent clarification hearing, the Department informed the court that it had paid another $3,000 in compensation benefits.) The Culmers' net recovery from the $21,600 settlement, after deducting attorney's fees and costs, was $12,260. The order of equitable distribution entered by the trial court awarded the Department $500 in satisfaction of its $9,438 lien and denied the Department recovery for any future compensation benefits that it should pay.
The Department has appealed, and the Culmers have cross-appealed, from the order of equitable distribution, with the Department contending that it should not have been limited to a $500 recovery, and with the Culmers contending that the applicable statute, Section 440.39(3)(a), Florida Statutes (1977), is unconstitutional, that no equitable distribution should have been awarded to the Department and that they (the Culmers) should have been awarded attorney's fees. Upon due consideration, we hold that the provisions of Section 440.39(3)(a), Florida Statutes (1977), mandate a 100% recovery to the Department, and that there is no merit to the Culmers' contentions on cross-appeal.
Section 440.39(3)(a), Florida Statutes (1977), states:

*1275 * * * Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. * * *
The clear wording of the statute provides for full recovery to the Department (after deducting the employee's attorney's fees and costs) for any benefits "... paid and future benefits to be paid ..." Also, the burden of proof is placed upon the employee to "... demonstrate to the court that he did not recover the full value of the damages ..." In the present case, the Culmers have not demonstrated that they did not receive the full value of their damages. Accordingly, it was error not to provide full recovery to the Department. See Ramar-Dooley Construction Company v. Norris, 341 So.2d 546 (Fla. 2d DCA 1977).[3]
Having determined that the Department should have received full recovery, we need not comment on the Culmers' contention on cross-appeal that it was error to award any equitable distribution to the Department. We also find no basis for the Culmers' further contention that Section 440.39(3)(a), Florida Statutes (1977), is unconstitutional as applied to the facts of this case. See The Insurance Company of Texas v. Rainey, 86 So.2d 447 (Fla. 1956). Finally, on the question of the failure to award an attorney's fee to the Culmers, Section 440.39(3)(a), Florida Statutes (1977), does not authorize such an award. See Universal Engineering Corporation v. Cartier, 380 So.2d 1160 (Fla. 3d DCA 1977). In addition, even though the Department was awarded far less than it was seeking in equitable distribution, nonetheless, it was unquestionably the prevailing party by virtue of securing a $500 award.
Accordingly, (a) we hereby reverse the appealed order, with directions to the trial court to provide for a 100% recovery to the Department for past and future medical and compensation benefits paid on behalf of Mrs. Culmer, up to the net amount the Culmers received from the judgment, and (b) we affirm the cross-appeal.
NOTES
[1] Mr. Culmer sought damages for loss of consortium as a result of his wife's injuries.
[2] Pursuant to the settlement, an order of dismissal was entered by the trial court.
[3] The Department's alternate argument that the formula in National Ben Franklin Insurance Company v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976), should have been utilized to determine the amount of equitable distribution to be awarded is inapplicable in light of our determination that the statutory provisions for 100% recovery are controlling in this case.