412 So.2d 25 (1982)
ORANGE COUNTY, Appellant,
v.
Roosevelt SEALY, et Ux, Appellees.
No. 80-1395.
District Court of Appeal of Florida, Fifth District.
March 31, 1982.
*26 G. Yates Rumbley of Pitts, Eubanks & Ross, P.A., Orlando, for appellant.
Robert D. Melton, P.A., Orlando, for appellees.
COWART, Judge.
An employer, who paid an injured employee workers' compensation, seeks recovery, under section 440.39(3)(a), Florida Statutes (1981), of an equitable pro rata share of damages the employee recovered from Mr. Smith, a third party who negligently caused the employee's injuries.
Appellee was employed by appellant as a deputy sheriff when he was injured. Mr. Smith's insurer paid appellee personal injury policy limits of $10,000, which included settlement of appellee's wife's derivative claim. There is no dispute that appellant, as employer, paid or would pay appellee $9,465.05 in compensation benefits. The total amount of damages sustained by the employee (or the value of his cause of action against Smith) was contested, but there was substantial competent evidence in the form of expert testimony that appellee's case was worth $50,000, of which sum his wife's derivative claim for loss of consortium was worth $5,000. After deducting attorney's fees and costs out of the $10,000 settlement of his and his wife's claim, appellee received $6,569.62. Of this amount, the trial court found that 50 per cent constituted a reasonable amount for pain and suffering (not covered by workmen's compensation) and the wife's derivative claim. Since appellee demonstrated that he did not recover the full value of the damages he sustained under the statute, the employer was only entitled to recover a pro rata share of compensation paid or to be paid. As suggested in National Ben Franklin Insurance Company v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976), an equitable proration can be done by formula, determining the relationship that the employee's actual net recovery bears to his total damages and applying that ratio to the compensation benefits. These figures and findings would produce this calculation:

$6,569.62 x ½
_______________ x $9,465.05 = $690.91
$50,000 - 5,000

By using rounded figures the trial judge awarded $540 as follows:

$ 6,000
_______ x $9,000 = 1080 x ½ = $540.
 50,000

Considering the subjective nature of several factors involved, the trial judge's award is affirmed.
However, neither section 440.39(3)(a) or section 440.34(1) authorize attorney's *27 fees for work done in equitable distribution proceedings. Edmondson v. Swope, 395 So.2d 553 (Fla. 5th DCA 1980); State Department of Health and Rehabilitative Services v. Culmer, 402 So.2d 1273 (Fla. 3d DCA 1981). Therefore the award of attorney's fees[1] is reversed.
AFFIRMED in part; REVERSED in part.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
NOTES
[1] Appellee initially asserted in the trial court, in a post-trial memorandum filed in lieu of closing argument, a claim for attorney's fees under Fla.R.Civ.P. 1.380(c) based on the need to prove certain denied requests for admissions. The award of attorney's fees cannot be sustained on this basis because appellant's request for oral argument on motion for rehearing was denied and appellant has never had an opportunity to properly meet and argue this assertion.