414 So.2d 220 (1982)
RISK MANAGEMENT SERVICES, INC., Appellant,
v.
Daniel Hugh SCOTT, Appellee.
No. AF-409.
District Court of Appeal of Florida, First District.
April 26, 1982.
Rehearing Denied June 7, 1982.
*221 Charles Vocelle of Brannon, Brown, Norris, Vocelle, Haley, Brown & Robinson, P.A., Lake City, for appellant.
Grant F. Spinner of Spinner & Hart, P.A., Jacksonville, for appellee.
WIGGINTON, Judge.
This is an appeal from a final order granting equitable distribution on a workers' compensation lien. Appellee, Scott, sustained a compensable injury in 1980 and subsequently brought a civil action in the *222 Circuit Court for Duval County against a third party tort-feasor. Appellant, Risk Management Services, Inc., filed a notice of lien seeking reimbursement of temporary total disability compensation paid in the sum of $10,682.64 and medical benefits paid and to be paid to and in behalf of Scott in the sum of $9,659.04, totaling $20,341.68. The insurer reserved $75,000 for future workers' compensation benefits.
Scott settled his civil action for $37,500. While negotiating the compromise settlement, some discussion was advanced of a contemplated claim by Scott's wife for loss of consortium. It was Scott's lawyer's thought that her damages should be about one-third of Scott's recovery. There had been no such claim included in this lawsuit, no separate action in behalf of the wife had been brought against the third party and the proceeds check in the full amount reflected Scott to be the sole payee. On the other hand, the several parties acknowledged there to have been an understanding that comparative negligence was attributable to Scott at 5% and to the third party tort-feasor at 95%. They further agreed that Scott's attorney's fees were 40% of the settlement recovery, that being $15,000.
Following the hearing on the petition for equitable distribution, the trial judge found the compromise settlement to include the wife's claim of $12,500 with the balance of $25,000 being due Scott and therefore the subject of equitable distribution. The trial court then applied Section 440.39, Florida Statutes (1975) and the rule and formula established in National Ben Franklin Insurance Company v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976) to conclude that employer/insurer should recover $2,929.20. We find that the trial judge misapplied the 1975 statute and also erred in granting a $12,500 setoff for Scott's wife that was not supported by the evidence. We must disagree with the final calculation of distribution and reverse.
The trial court erroneously applied the formula in the Ben Franklin case, which formula had implemented the 1975 statutory Section 440.39(3)(a). The substance of that section was significantly amended by the 1979 legislature and in its pre-1979 form was inappropriate to the determination of this case. Prior to the statutory amendment the subsection provided for the employer or carrier to recover a maximum of 50% of the amount it had paid and future benefits to be paid. No restriction was made in the 1975 statute that the insurer's recovery be limited to the remainder after employee's attorney's fees and costs were deducted. To minimize the inherent complications in applying percentages and factors to arrive at equitable distribution, Section 440.39(3)(a) was amended in 1979 to provide inter alia that:
... The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility... .
The amended section clearly allows the employee to deduct his entire attorney's fees and costs from his recovery in the third party action before any amount is paid over to the insurer. There is nothing in the present statute which provides for apportionment of those items. See Lee v. Risk Management, Inc., 409 So.2d 1163 (Fla. 3d DCA 1982). After that, the insurer shall be reimbursed 100% from the employee's recovery subject to a percentage reduction to offset claimant's loss of full recovery, limits of insurance and collectibility. In this case, the limits of insurance are not applicable and the collectibility is not questioned. Appellee's claim that the differences in the statutes would not affect the applicability of the Ben Franklin case is without merit.
Appellee further asserts that the statute allows the trial court the discretion to determine in the case of a negotiated settlement, rather than a judgment entered *223 after trial, the pro rata share to which the carrier is entitled. We disagree. Section 440.39(3)(a), Florida Statutes (1979) provides that the insurance carrier's notice of payment shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of the law. It is as to the apportionment of the percentage of negligence attributable to the employee in any judgment or settlement, if ascertainable, for which that portion of the section applies to reduce the amount to be distributed to the insurer. Thus, the 5% comparative negligence factor being applied to reduce the sum finally due the insurer was proper and in compliance with the applicable amended statute.
This procedure and application of Section 440.39(3)(a) was approved in State of Florida, Department of Health and Rehabilitative Services v. Culmer, 402 So.2d 1273 (Fla. 3d DCA 1981), where following the ultimate settlement of the case among the various parties the court held that the lien of the carrier required 100% recovery by the compensation carrier because, despite the settlement, plaintiffs had not demonstrated that they had received less than the full value of their damages. In the instant case, by virtue of the settlement, Scott did receive less than the full value of his damages, see Maryland Casualty Company v. Whitley, 375 So.2d 18 (Fla. 1st DCA 1979), but at most he established only that the carrier's recovery should be reduced to 95% due to a questionable finding of comparative negligence amounting to 5%. Also see Lee v. Risk Management, Inc., supra.
Appellant indicated at the hearing that it had placed in a trust fund $75,000 to assure payment of any future compensation and medical benefits that may be due Scott. Because Scott is receiving settlement benefits in excess of a distribution to the insurer the court could properly have required Scott to partially secure the insurer's share by escrowing the balance of his award, see Ramar-Dooley Construction Company v. Norris, 341 So.2d 546 (Fla. 2d DCA 1977); Gangler v. South Florida Crane Service, 385 So.2d 153 (Fla. 4th DCA 1980); and Culmer, supra. However, appellant waived this entitlement to reimbursement of future benefits by stating in its brief that should it obtain judgment as requested, it would not seek further recovery in the case. Since appellant will receive the distribution sought, it will be precluded from further demand of reimbursement from Scott.
It is clear from the provisions of the amended Section 440.39(3)(a) and the several cited decisions interpreting the statute that equitable distribution must be made in a manner contrary to that which was awarded by the trial judge. Rather than remand this matter for recalculating the distribution in accordance with this opinion, and so that there be no doubt as to the course to be followed, we will apply the factors to the statute.
The employee's recovery of $37,500 is to be reduced $15,000, which is 40% for attorney's fees, leaving $22,500 from which there is to be deducted $2,383.19 in costs, leaving $20,116.81. The insurer has paid to Scott or in his behalf workers' compensation benefits of $20,341.68, of which appellant is entitled to receive 95% or $19,324.59. The balance of $792.22 shall be due Scott.
The trial court's order is reversed and remanded with instructions that appellant be allowed equitable distribution in the amount of $19,324.59.
JOANOS and THOMPSON, JJ., concur.