HERSEY, Judge.
Appellant, worker’s compensation insurance carrier, seeks to overturn a determination of the trial court made pursuant to Section 440.39(3)(a), Florida Statutes (1981).
The operable portion of the statute provides:
The employer or carrier shall recover from the judgment, after attorney’s fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collecti-bility. The burden of proof will be upon the employee.
Appellee Reeves was involved in an automobile accident and received benefits from appellant, worker’s compensation insurance carrier. Reeves subsequently filed suit against the owner and operator of the other vehicle and settled for $7,500. Appellant sought reimbursement from appellee for the benefits it had paid.
The trial court in effect determined that Reeves, because of his own comparative negligence, recovered only one-half of the full value of the damages he sustained.
Under both the statute and case law, the burden of proof is on the employee to demonstrate that his recovery did not represent the full value of his damages. Lumbermens Mutual Casualty Co. v. Simon, 375 So.2d 894 (Fla. 4th DCA 1979).
The issue on appeal is whether employee — insured—appellee carried that burden, i.e., whether there is substantial competent evidence in the record to support the trial court’s conclusion that the amount recovered from the tortfeasor’s insurance carrier represented one-half of the full value of damages, having been reduced by virtue of comparative negligence.-
The only evidence on this point is testimony by the attorney for the tortfeasor's insurance carrier that the claim had been settled for $7,500. In response to questions concerning the amount of the settlement in relation to the value of the claim, answers were elicited to the effect that “the case is worth at least twenty, $25,000.” The case was one of clear liability with
[m]aybe room for some modest offset, but certainly mostly. State Farm, I don’t feel like I can give you a final, honest opinion about that, because I really didn’t get into it deep enough to call it 90, 80.
Q But it was substantially State Farms Insurance’s fault?
A Substantially, yes.
Apparently on the basis of that testimony indicating possible comparative negligence *1259 of 10 or 20 per cent the court reduced the carrier’s recovery by 50 per cent. That result is simply not supported by the testimony nor any other evidence in the record. The testimony of the attorney expert who was the only witness to testify establishes' the maximum value of the claim at $20,-000- $25,000 assuming that all of the claimant’s current problems were caused solely by his most recent accident. The attorney testified, however, that he was quite confident that he could have established that a substantial portion of the claimant’s current problems were attributable to prior accidents. In essence the attorney appeared to be of the view that, considering the prior injuries, $7,500 was the full value of the claim. Under these circumstances the carrier is entitled to be reimbursed for what it has paid out in compensation benefits up to the net amount actually received by the claimant after payment of his costs and attorney’s fees. State, Dept. of Health v. Culmer, 402 So.2d 1273 (Fla. 3d DCA 1981).
Accordingly, we reverse and remand for entry of a judgment in favor of appellant computed on the basis that appellee recovered the full value of his damages.
REVERSED and REMANDED.
LETTS, C.J., and ANSTEAD, J, concur.