SHARP, Judge,
dissenting and concurring in result only.
I agree, pursuant to section 440.39(3)(a), Florida Statutes (1978), that an employer or insurance carrier is entitled to receive a pro rata share of a judgment or settlement recovered for reimbursement for compensation and medical benefits paid or to be paid under the Worker’s Compensation law, even though the employee does not recover the full value of damages sustained. This case should be sent back for the application of a proper formula. But I disagree that the formula in National Ben Franklin Insurance Company v. Hall, 340 So.2d 1269 (Fla. 4th DC A 1976), should be presumptively applied.
The mathematical formula for determining the pro rata share is not set in the statute, and I disagree that we should legislate one by judicial decision. The majority opinion adopts the formula approved in Ben Franklin for this district as the primary method for calculating this share. But *32 even the Ben Franklin court did not impose that formula on the fourth district, and we, in Orange County v. Sealy, 412 So.2d 25 (Fla. 5th DCA 1982), approved the use of a different formula.
The Ben Franklin formula leaves some unanswered questions. First, there is a question of whether or not the damages recovered from the tortfeasor (here, the net recovery or $18,000) should initially exclude sums attributable to pain and suffering as was done in Sealy.[1] Further, if pain and suffering is excluded from the net recovery figure, should it not also be excluded from the actual damages figure (the $400,000) in fairness to the compensation carrier? The Ben Franklin case did not have a pain and suffering factor, and thus it did not deal with this problem.
An even more difficult problem is whether and how the compensation payments to be made over future years by the compensation carrier should be discounted to present value. In this case, of the $196,230 payable by the compensation carrier only $37,730.00 has actually been paid. The balance, $158,500, will be paid over a number of years. It is obvious that dollars payable in one, ten, and fifteen years are not now worth their face value. In other contexts, damage awards handle this problem by discounting dollars payable in the future to a present worth value. The Florida Bar Continuing Legal Education, Florida Civil Practice Damages § 2.36 (2d ed. 1980). Should not, then, the third factor in this case ($196,230) be reduced to a present dollar value in fairness to the injured worker? Further, if some payments are contingent upon the worker surviving or other events, perhaps they should not be included at all.
In concept, certainty in being able to calculate amounts of “equitable distributions” [2] makes good sense. I sincerely wish equitable distributions in other legal contexts, such as dissolutions, could be numerically addressed and reduced to the application of a single formula. However, I feel that in so doing the judiciary trespasses into the legislative arena, and I have misgivings whether the formula taken up by the majority will operate fairly in cases where a significant portion of the recovery is for pain and suffering, or where the compensation payments are payable over future years. There may be other, better formulas for these cases, and there may be other questions beyond the ones raised here. No formula should be cast in stone.

. In Orange County v. Sealy, 412 So.2d 25 (Fla. 5th DCA 1982), we approved a formula which excised the sums attributable to pain and suffering and loss of consortium from the net recovery to be shared with the compensation carrier on the theory that such elements of damages are not reimbursable under the Worker’s Compensation law.

. The term “equitable distribution,” which appeared in section 440.39(3), Florida Statutes (1953), has long been dropped from the statute. Apparently, the courts have read it back in via the “pro rata” language. See National Ben Franklin Ins. Co. v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976), and the majority opinion.