444 So.2d 1124 (1984)
AETNA INSURANCE COMPANY, Appellant,
v.
James NORMAN and Natalie Norman, His Wife, Appellees.
No. 83-1356.
District Court of Appeal of Florida, Third District.
February 7, 1984.
Underwood, Gillis, Karcher & Valle and William Edwards, Miami, for appellant.
Joe N. Unger, Miami, Jay Dermer, Miami Beach, for appellees.
Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal from a final judgment which determined the amount of a workers' compensation lien under Section 440.39(3)(a), Florida Statutes (1981). For the reasons which follow, we reverse.
The plaintiff James Norman was injured in a work-related accident, as a result of which he has been paid $26,795.17 in workers' compensation by the defendant Aetna Insurance Company. The plaintiffs James Norman and his wife Natalie Norman brought suit against a third party tortfeasor based on this work-related accident, as a result of which the claim was settled for $75,000. The plaintiffs then filed a motion below to determine the amount of the defendant Aetna Insurance Company's workers' compensation lien under Section 440.39(3)(a), Florida Statutes (1981). The court below took testimony on the motion and entered a final judgment from which this appeal is taken.
The trial court found in the final judgment that the total attorney's fees and costs expended by the plaintiffs to secure the $75,000 settlement stated above amounted to $36,267.47, thereby making the plaintiffs' net recovery $38,732.53 from the third-party lawsuit. In addition, the trial court found that the plaintiff James Norman was 50% comparatively negligent in the case, that the total value of the plaintiffs' aggregated claims was $150,000, that the total value of the plaintiff Natalie Norman's derivative claim was $15,000, and that the total value of the plaintiff James Norman's pain and suffering in the case was $45,000.
The trial court then utilized an equitable distribution formula approved in Orange County v. Sealy, 412 So.2d 25 (Fla. 5th DCA 1982), and concluded that: (1) the *1125 amount of the workers' compensation lien presently due and owing was $2,947.47 (representing 11% of the amount of workers' compensation paid by the defendant Aetna Insurance Company to date), (2) all future workers' compensation benefits to the plaintiff James Norman were to be reduced by 11%, and (3) the entire lien would be satisfied when the defendant Aetna Insurance Company had been reimbursed $31,232.53. The above result was reached by the following mathematical formula, approved in Orange County v. Sealy, supra:

[Net recovery in [% of claim attributable [Total amount of
third-party lawsuit] to pain & suffering workers' compensation
 and to derivative paid]
 claim]
 $38,732.53 X .40 X $26,795.17
___________________________________________________ = $2,947.47
 $150,000 - $15,000 X 1
[Total value of [Total value of plaintiff
entire case] Natalie Norman's
 derivative claim]

The applicable statute, under which this action was brought, lays out in no uncertain terms the exact method by which a workers' compensation lien shall be calculated in cases of this nature:
"In all claims or actions at law against a third-party tortfeasor, the employee, or his dependents or those entitled by law to sue in the event he is deceased, shall sue for the employee individually and for the use and benefit of the employer, if a self-insurer, or employer's insurance carrier, in the event compensation benefits are claimed or paid, and such suit may be brought in the name of the employee, or his dependents or those entitled by law to sue in the event he is deceased, as plaintiff or, at the option of such plaintiff, may be brought in the name of such plaintiff and for the use and benefit of the employer or insurance carrier, as the case may be. Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party. Notice of suit being filed shall be served upon the employer and compensation carrier and upon all parties to the suit or their attorneys of record by the employee. Notice of payment of compensation benefits shall be served upon the employee and upon all parties to the suit or their attorneys of record by the employer and compensation carrier."
§ 440.39(3)(a), Fla. Stat. (1981) (emphasis added)
Applying the above emphasized statutory formula to the instant case, it is plain that the defendant Aetna Insurance Company is entitled to recover from the judgment obtained by the plaintiff James Norman from the third-party tortfeasor [after attorney's fees and costs incurred by the plaintiffs in said lawsuit have been deducted], to wit: $38,732.53, 100% of what it has paid ($26,795.17) and future benefits to be paid, reduced by the plaintiff James Norman's 50% comparative negligence, to wit: $26,795.17 X 50% = $13,397.59, plus 50% of any future workers' compensation benefits, until the full lien of $19,366.26 (50% of the net tort recovery) has been satisfied.
We reject the contrary authority of Orange County v. Sealy, supra, upon which the trial court relied, as it announces an equitable distribution formula which is in no way authorized by Section 440.39(3)(a), Florida Statutes (1981). There is no provision *1126 in the statute allowing a proration or offset for the value of the plaintiff's pain and suffering or for the value of a derivative claim in the third-party tort recovery. This result, we think, is fully consistent with our prior interpretations of the subject statute. United Parcel Services v. Carmadella, 432 So.2d 702 (Fla. 3d DCA 1983); Sentry Insurance Co. v. Keefe, 427 So.2d 236 (Fla. 3d DCA 1983); Lee v. Risk Management, 409 So.2d 1163 (Fla. 3d DCA 1982).
The final judgment under review is reversed and the cause is remanded to the trial court with directions (a) to enter judgment for the defendant Aetna Insurance Company in the amount of $13,397.59 and (b) to order that any future workers' compensation benefits paid to the plaintiff James Norman be reduced by 50% until such time as the defendant Aetna Insurance Company has been paid a total of $19,366.26 from the tort judgment herein (counting in this amount the $13,397.59 previously ordered paid to Aetna).
Reversed and remanded.