FRANK D. UPCHURCH, Jr., Judge.
Zurich Insurance Company appeals from a final order of equitable distribution. Hugh Martin has cross appealed also challenging the order.
Martin was injured in January, 1979, in an automobile accident which occurred in connection with his employment. His employer had secured workers compensation insurance through Zurich which paid Martin a total of $5,053 in past compensation and medical benefits. The workers’ compensation file remains open and according to one of Zurich’s representatives, the carrier has reserved funds in excess of $10,000 for future benefits and claims.
In October, 1980, Martin filed a negligence action against Russell Fitch, the driver of the car that collided with his vehicle, and Allstate Insurance Company, Fitch’s insurer. The policy limits applicable to this case were $20,000. Prior to trial, the parties settled for $10,000. According to Fitch’s attorney, this represented the full value of Martin’s case though Martin denied this.
After receiving notice of Martin’s suit against Fitch, Zurich filed its Notice of Lien for Payment of Compensation and Medical Benefits, claiming a lien upon Martin’s recovery for benefits paid or to be paid to him under the Workers’ Compensation Act. At the hearing on Zurich’s motion for equitable distribution, Zurich argued that it was entitled to one hundred percent of what it had paid and future benefits to be paid up to the net recovery received by Martin.
The trial court found that Martin had settled his tort claim for the full value of his case and that he netted $5,672.17 from the settlement after payment of attorney’s fees and costs. The court also found that the testimony of Zurich’s representative as to the over $10,000 in future reserves was not competent because there was no evidence justifying the need for such reserves and the representative was not qualified to render an opinion regarding what future benefits may be paid by Zurich. The court then applied the formula found in National Ben Franklin Ins. Co. v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976), and awarded Zurich $2,866 or fifty-seven percent of the $5,053 in past benefits paid.
The first point on appeal is whether the trial court erred in awarding Zurich fifty-seven percent instead of one hundred percent of the compensation and medical benefits paid when it concluded that Martin had received full value in his tort settlement.
The trial court found and the parties agree that section 440.39(3)(a) and (b), Florida Statutes (1978), govern this case. These subsections provide in relevant part as follows:
(a) ... The employer or carrier shall recover from the judgment, after attorney’s fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because *980 of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such pro-ration shall be made by the judge of the trial court upon application therefor and notice to the adverse party. Notice of suit being filed and notice of payment of compensation benefits shall be served upon the compensation carrier and upon all parties to the suit or their attorneys of record.
(b) If the employer or insurance carrier has given written notice of his rights of subrogation to the third party tort-feasor, and, thereafter, settlement of any such claim or action at law is made, either before or after suit is filed, and the parties fail to agree on the proportion to be paid to each, the circuit court of the County in which the cause of action arose shall determine the amount to be paid to each by such third party tortfeasor in accordance with the provisions of paragraph (a) above.
Under subsection (a), Zurich was entitled to recover from the settlement (after attorney’s fees and costs are deducted) one hundred percent of what it paid Martin and future benefits to be paid, unless Martin could demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or insurance limits.
The trial court specifically found that Martin’s settlement with the third party tortfeasor for $10,000 was for the full value of his case. Martin does not challenge this finding. Indeed, the testimony of Martin’s own attorney indicates that no comparative negligence was involved in this case and the settlement was well below the applicable $20,000 insurance limits. Under subsection (a), therefore, Zurich was entitled to one hundred percent of what it paid Martin. See State, Dept. of Health v. Culmer, 402 So.2d 1273 (Fla. 3d DCA 1981). In Culmer, the Third District, finding that the employee failed to demonstrate that she did not receive the full value of her damages in a settlement, concluded that under section 440.39(3)(a), it was error not to provide full recovery to the employer for workers’ compensation benefits paid or payable.
The trial court’s reliance on National Ben Franklin Ins. Co. v. Hall, was misplaced since the formula there which allows an employer or carrier to recover a pro rata share of compensation paid applies only where the employee demonstrates that he has received less than full value of his damages in a judgment or settlement against the tortfeasor. It is not to be utilized where the statutory provision for one hundred percent recovery is controlling. Culmer, 402 So.2d at 1275, n. 3.
We also hold that the trial court erred in refusing to award Zurich future benefits. Zurich argues that a provision should be included allowing it to recover up to $619 (the difference between Martin’s net recovery in the settlement, $5,672 and what Zurich has already paid, $5,053) for future compensation or medical benefits that may be paid.
The trial court found that there was no competent, substantial evidence to justify Zurich’s reserve of over $10,000 for future benefits. The court also found that the evidence established that Zurich has paid no compensation benefits to Martin since November 7, 1981, and no medical benefits since August 12,1982. However, the court did not find that there would be no further payments made by Zurich to Martin.
Section 440.39(3)(a) clearly contemplates a lien on future benefits by providing: “The employer or carrier shall recover ... what it has paid and future benefits to be paid_” (emphasis supplied). Therefore, Zurich was entitled to one hundred percent of what it paid Martin as well as future benefits to be paid, up to $5,672.17.
Martin argues on cross appeal that the trial court erred in refusing to deduct an amount for his pain and suffering damages from his gross recovery against the tortfeasor. In this regard, Martin relies on Orange County v. Sealy, 412 So.2d 25 (Fla. *981 5th DCA 1982), in which this court indicated that a portion of a settlement constituted an amount for pain and suffering which is not covered by workers’ compensation. However, in Sealy this conclusion was. based on a finding made by the trial court. In the case before us, the trial court noted in the final order that “there is no evidence before this court as to the value of any claim that the plaintiff [Martin] may have had for any pain and suffering.” Review of the transcript supports this conclusion and hence the court did not err in this regard.
REVERSED and REMANDED for entry of judgment consistent with this opinion.
DAUKSCH and SHARP, JJ., concur.