472 So.2d 838 (1985)
AMERICAN STATES INSURANCE and Burnett Corporation, Appellants,
v.
Thomas SEE-WAI and Shirley M. See-Wai, His Wife, Appellees.
No. 84-774.
District Court of Appeal of Florida, Fifth District.
July 11, 1985.
Bernard J. Zimmerman and Paul J. Morgan of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellants.
Jeff B. Clark, P.A., and Marcia K. Lippincott, P.A., Orlando, for appellees.
COBB, Chief Judge.
The appellant, American States Ins. Company, appeals the trial court's order of equitable distribution, awarding it $380.00 in full satisfaction of its worker's compensation lien filed against the appellee, Thomas W. See-Wai. In June, 1978, See-Wai was injured by running into a sliding glass door while delivering furniture at the property of David Clarkson and Bruce Jensen. As a result of the injury, See-Wai received compensation benefits from his employer's carrier, American States.
*839 In June, 1982, See-Wai brought a third-party action against Clarkson and Jensen, alleging that his injuries had occurred as a result of their negligence. See-Wai's wife, Shirley, joined in the complaint with a claim for loss of consortium. In September, 1983, American States filed a notice of payment of compensation and medical benefits, claiming a lien in the amount of $26,849.57 against any judgment recovered by See-Wai against Clarkson and Jensen. Subsequently, the See-Wais' suit against Clarkson and Jensen was settled for $22,000.00. See-Wai then filed a motion for equitable distribution, asking the court to determine the pro rata share to which American States was entitled, according to section 440.39(3)(a), Florida Statutes (1977),[1] which provides in pertinent part:
... Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, 100 per cent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party.
In March, 1984, a hearing was held on See-Wai's motion. Testimony was given at that hearing that the comparative negligence on the part of See-Wai was close to 100%, and that the value of his claim, excluding consideration of his comparative negligence, ranged from $100,000.00 to $350,000.00. The value of Shirley See-Wai's consortium claim was estimated to be between $20,000 and $25,000. During the hearing, counsel for the See-Wais argued that the pro rata share to be given to American States should be $380.00. He arrived at this figure during the following discussion:
We've agreed essentially that Thomas See-Wai and his wife recovered $12,200 as a result of the law suit.
* * * * * *
We've agreed also that for the purposes of this discussion that the comp carrier paid $26,849.50.
* * * * * *
We have a range in my mind between $150,000 and $350,000 as to the value of this case. I've arbitrarily added that up and divided it by two, and I come up with an average, you know, of $250,000 as the value of Mr. See-Wai's law suit.
Now, nobody disagrees that Mrs. See-Wai's law suit is $25,000.
* * * * * *
So, I set his recovery  if the total recovery is worth $12,200 and her claim is worth 10% of his claim, I took out $1,220 for Mrs. See-Wai and set it out to the side because I don't think they should have that amount... .
What we do end up with, you have Mr. See-Wai getting $10,980 that should be subject to this pro rata equitable distribution.
Now, if he had got $10,980 for his pro rata share of a $250,000 law suit, he got .043 percent of what he should have got.
Now, why shouldn't the worker's compensation carrier get .043 percent of what they paid, that is, $1,154.00.
Now, I want to remind you also of Mr. Overchuck's testimony to the effect that only two-thirds of what a law suit is all *840 about is what the compensation carrier has to pay for. They don't pay for pain and suffering. They don't pay for loss of enjoyment of life. They don't pay for disability, the future disability the man has. They don't pay for mental anguish.
* * * * * *
So, I think you could even logically extend the argument to the additional extent by saying you're entitled to only one-third of that $1,154.00, which is $380.00.
In April, 1984, the trial court entered an order of equitable distribution, finding that from the total settlement of $22,000.00, American States was entitled to a pro rata distribution of $380.00 in satisfaction of its lien. Additionally, the court retained jurisdiction to consider the claim of the See-Wais for attorney fees and costs incidental to the hearing on the motion for equitable distribution. This appeal ensued.
On appeal, American States raises three contentions:
(1) Assuming the continuing viability of the National Ben Franklin[2] formula, the trial court improperly reduced the carrier's recovery by subtracting the wife's consortium claim from the total, and by reducing that recovery because of the factor of pain and suffering.
(2) The National Ben Franklin formula was abrogated by the 1977 amendment to section 440.39(3)(a) and should not be applied in this case.
(3) The trial court erred in reserving jurisdiction to consider the See-Wais' claim for attorney fees incurred for the equitable distribution proceeding.
This case is controlled by the recent Florida Supreme Court case of Aetna Ins. Co. v. Norman, 468 So.2d 226 (Fla. 1985), which approved the computations utilized by the district court[3] in that case in respect to past benefits paid by the carrier, but disapproved the district court opinion relative to its limitation on the carrier's lien on future benefits. We note that the instant case does not concern unpaid future benefits,[4] nor does it concern the 1983 amendment to section 440.39(3)(a), which makes it clear that the carrier "shall have deducted from its recovery a percentage amount equal to the percentage of the judgment which is for costs and attorney's fees." The recent Aetna opinion does not apply that amendment retroactively, although it appears remedial in nature. See City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961). We are bound by Aetna.

ISSUE NO. I
In regard to this issue, it is apparent from Aetna that the National Ben Franklin formula is not applicable to cases governed by the language of section 440.39(3)(a), Florida Statutes (1977). It is also clear from Aetna that the consortium claim of Shirley See-Wai cannot be separated from the equitable distribution formula of the applicable statute, and that the carrier's pro rata recovery is not to be reduced by reason of the factor of pain and suffering.

ISSUE NO. II
Since we agree that the National Ben Franklin formula was abrogated by the 1977 amendment, as set forth above, we then must apply the formula set forth by the Third District and approved by the Florida Supreme Court in regard to past benefits. See Aetna, 444 So.2d at 1125.
It is apparent from the trial court's judgment that it completely accepted the argument of See-Wai's counsel, which means that it made the following factual findings: (1) See-Wai's claim was settled for $22,000.00 with the alleged tortfeasors; (2) See-Wai actually received $12,200.00; (3) See-Wai's full damage was $250,000.00; *841 and (4) the carrier's lien was $26,849.50. We accept these factual determinations by the trial court. Applying the statutory formula approved by Aetna to these facts, we find that American States is entitled to recover from the settlement obtained by See-Wai (after attorney fees and costs are deducted)  i.e., $12,200.00  100% of what it has paid ($26,849.50), reduced by See-Wai's comparative negligence (228/250 or .912), to wit: $26,849.50 X .088, or $2,362.76.

ISSUE NO. III
The last point on appeal is the appellant's contention that the trial court erred in retaining jurisdiction to consider See-Wai's claim for an attorney fee against the carrier for resisting the latter's lien claim. See Caravasios v. M.W. Spates Const. Co., 441 So.2d 1070 (Fla. 1983); Orange County v. Sealy, 412 So.2d 25 (Fla. 5th DCA 1982). Since no order has been entered on this separate issue, we decline review at this time.

CONCLUSION
We recognize, contrary to prior opinions of this court,[5] that the National Ben Franklin formula was abrogated by the 1977 amendment to section 440.39(3)(a). We reverse and remand for entry of a judgment for American States in the amount of $2,362.76.
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] The 1977 statute was in effect at the time the carrier made payments to See-Wai.
[2] National Ben Franklin Ins. Co. v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976).
[3] See Aetna Ins. Co. v. Norman, 444 So.2d 1124 (Fla. 3d DCA 1984).
[4] See Risk Management Services, Inc. v. McCraney, 420 So.2d 374 (Fla. 1st DCA 1982).
[5] See State of Florida, Division of Risk Management v. McDonald, 436 So.2d 1134 (Fla. 5th DCA 1983); State Dept. of Health & Rehabilitative Services v. McConkey, 421 So.2d 29 (Fla. 5th DCA 1982); Orange County v. Sealy, 412 So.2d 25 (Fla. 5th DCA 1982).