ERVIN, Judge.
The Division of Risk Management, the workers’ compensation carrier for the employer of an injured employee, appeals an order of equitable distribution, requiring it to pay 95 percent of all future workers’ compensation benefits to Enid Rathburn, the claimant-employee, notwithstanding Rathburn’s earlier settlement agreement with the third-party tortfeasors in a personal injury action. We find that the lower court erred in its application of the statutory requirements of Section 440.39, Florida Statutes (1979), and reverse and remand.
In November 1980, Rathburn, an employee of the Department of Labor and Employment Services, was injured in an automobile accident. She subsequently filed a workers’ compensation claim, and ultimately received from her employer $3,301.16 in benefits. While the claim was pending, Rathburn brought a personal injury action against the driver of the other vehicle involved in the accident, the vehicle’s owner, and the owner’s insurance carrier, Nationwide. Following negotiations, a settlement of $25,000 was reached, and appellant filed its petition for equitable distribution of both past workers’ compensation benefits paid by it and any future benefits that it may be obligated to pay.
The order of equitable distribution not only permitted the employer/carrier (e/c) to recover the entire amount paid by it to Rathburn, but also directed it to pay 95 percent of any future benefits owing to her by reason of the injury.. The direction of the payment of future benefits by the e/e was under the circumstances clearly contrary to the provisions of section 440.-39(3)(a), which provides in part that, subject to deduction for costs and attorney’s fees, the e/c shall recover from the judgment “100 percent of what it has paid and future benefits to be paid, unless the employee ... can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage or collectibility.” (e.s.) The statute expressly places the burden of such demonstration on the employee.
The record before us discloses that the employee failed to meet her burden. Although Rathburn settled her personal injury claim against the third-party tortfeasors in the amount of $25,000, the settlement did not exhaust the limit of insurance coverage available to her, which was in the amount of $100,000. Moreover she failed to present any evidence that she did not recover the full value of damages sustained due to any of the other statutory exceptions. Accordingly, appellant is entitled to full recovery of all past and future workers’ compensation amounts paid or to be paid by it, up to the net amount received by Rathburn in settlement of her personal injury claim, following the deduction of attor *13 ney’s fees and costs. See Zurich Insurance Co. v. Martin, 452 So.2d 978 (Fla. 5th DCA 1984); Maryland Casualty Insurance Co. v. Reeves, 418 So.2d 1257 (Fla. 4th DCA 1982); Department of Health and Rehabilitative Services v. Culmer, 402 So.2d 1273 (Fla. 3d DCA 1981).
REVERSED AND REMANDED for entry of judgment consistent with this opinion.
WIGGINTON and BARFIELD, JJ., concur.