PER CURIAM.
The appellant, a workmen’s compensation insurance carrier, appeals from an order of equitable distribution made after recovery by the employee in a personal injurj tort action against third-party tort-feasors. The trial judge awarded the compensation carrier the sum of $1,500 as. a pro rata share of the employee’s recovery. The *814 carrier filed a first amended notice of compensation lien on October 9, 1958, in the personal injury action. The settlement was effected by the employee and recovery had after July 1, 1959. The order of equitable distribution was made January 5, 1960.
The appellant makes two contentions for reversal, i. e., (1) that the amount of $1,500 awarded as pro rata recovery in an equitable distribution proceedings under § 440.-39, Fla.Stat., F.S.A., was an abuse of discretion by. the trial judge; and (2) that the trial judge failed to give effect to the provisions of § 440.39(3), Fla.Stat., F.S.A., as amended, which became effective July 1, 1959.
We have considered the contentions raised by the appellant and find them to be without merit. As to the first contention, the appellant has failed to demonstrate that the trial judge abused his discretion in awarding the sum of $1,500, especially when it is considered that no particular yardstick or formula for computation was prescribed in § 440.39, supra, but left it in the discretion of the court to determine. It has not been demonstrated that the amount awarded in this instance was not equitable or adequate. See Arex Indemnity Co. v. Radin, Fla.1954, 72 So.2d 393.
As to the second question raised, it should be pointed out that the employee was injured in 1957; the compensation lien of the carrier was filed in 1958, and the settlement and recovery had in 1959. This question we feel has already been answered adverse to the appellant’s contention by the Supreme Court of this state in Hecht v. Parkinson, Fla.1954, 70 So.2d 505. See also Brinson v. Southeastern Utilities Service Co., Fla.1954, 72 So.2d 37.
The order appealed should be and it is hereby affirmed.
Affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.