PROBY, LUCIEN C., Associate Judge.
This appeal is from an order adjudicating certain amounts in favor of a workmen’s compensation insurance carrier for past as well as future compensation payments.
The only question presented is the alleged error of the trial court in awarding a lien for future compensation benefits pursuant to § 440.39(3), Fla.Stat., F.S.A., effective July 1, 1959, when the claim for benefits arose prior to that date.
The appellant’s husband was killed as a result of an industrial accident in May, 1958, through the alleged negligence of appellee Florida Power & Light Company. At the time of the fatal injuries, appellant’s husband was employed by appellee Ideal Crushed Stone, Inc. A third party tort-feasor action was instituted by appellant against Florida Power & Light Company on September 12, 1958. The appellee Corporate Group Service, Inc., on February 9, 1960, filed its notice of lien as compensation carrier in the tort action. The tort action was settled and the order of equitable distribution was entered on March 11, 1960.
Section 440.39(3), supra, was amended effective July 1, 1959, and provided not only for the equitable pro-ration of compensation benefits paid, but for compensation benefits to be paid. No such provision existed prior to the amendment.
The Supreme Court of Florida, in Hecht v. Parkinson, Fla.1954, 70 So.2d 505, held that the law in existence at the time of the injury applied. This court followed that pronunciation in the case of Employers’ Ins. Co. of Alabama v. Miller, Fla.App. 1960, 121 So.2d 813, where the factual situation was quite similar to the case at bar. In affirming an order pro-rating the share of the employee’s recovery for the insurance carrier, we rejected a contention that the trial judge failed to give effect to § 440.39(3) as amended.
Inasmuch as the order appealed attempted to apply the amended statute as to prospective payments of compensation benefits, the same was error and is hereby reversed. *890 This cause is remanded with directions to vacate that portion of the order awarding prospective compensation benefits based upon § 440.39(3) as amended effective July 1, 1959.
Reversed and remanded with directions.
HORTON, C. J., and PEARSON, J., concur.