340 So.2d 1269 (1976)
NATIONAL BEN FRANKLIN INSURANCE COMPANY, Appellant,
v.
Grover HALL et al., Appellees.
No. 76-685.
District Court of Appeal of Florida, Fourth District.
December 24, 1976.
Michael B. Davis, of Walton Lantaff Schroeder & Carson, West Palm Beach, for appellant.
J.J. Goodmark, of Goodmark & Goodmark, West Palm Beach, for appellees.
ALDERMAN, Judge.
This is an appeal from a final order granting equitable distribution on a Workmen's Compensation lien. Appellee, Grover Hall, was injured when a tire exploded while he was inflating it. He filed suit against a third party. Appellant, National Ben Franklin Insurance Company, filed a notice of lien for payments made by it to appellee under the Workmen's Compensation law for injuries arising out of the same incident. Appellee's claim against the third party was settled for $45,000. Appellee filed a motion for equitable distribution of the settlement proceeds between himself and appellant. The trial court entered the order which is the subject of this appeal awarding to appellant $1,891.89.
At the hearing on the motion for equitable distribution it was established that appellee received, or was entitled to receive, Workmen's Compensation payments totaling $28,600. The full value of the damages sustained by appellee was at least $200,000. Appellee did not recover the full value of the damages sustained by him because of his comparative negligence and because of limits of insurance coverage and collectibility. It was established that appellee was 50% negligent and that there was a liability insurance limit of $50,000. The net amount received by appellee, after payment of his attorney's fees and other costs, was $26,481, *1270 which equalled 58.8% of the settlement. The trial court used the following formula to determine the amount of equitable distribution: 58.8% X 1/2 X 45/200 X $28,600 = $1,891.89 The controlling statute is Section 440.39(3)(a), Florida Statutes (1975), the relevant portion of which provides:
"... Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover fifty percent (50%) of what it has paid and future benefits to be paid unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party... ."
It is clear from the terms of this statute that unless appellee demonstrates that he did not recover the full value of the damages sustained by him because of comparative negligence or because of limits of insurance coverage and collectibility, appellant would be entitled to recover 50% of what it paid. That would be 50% of $28,600, or $14,300. However, the record in this case establishes that appellee did not recover the full value of his damages. The provision of the statute allowing appellant to recover 50% of what it has or will pay is therefore not applicable in this case. The only issue is whether the trial court applied the correct factors to determine the amount of equitable distribution.
The formula used by the trial court in this case was incorrect in one respect. As previously stated the provision of § 440.39(3)(a), allowing the employer or carrier to recover 50% of what it has paid or will pay, is not applicable to the facts of this case. Therefore the trial court should not have included this factor in its formula. The effect of this error was to reduce the base amount of compensation subject to proration from $28,600 (the amount the carrier actually paid or will pay) to $14,300 (50% of the amount the carrier actually paid or will pay).
When an employee, in accordance with § 440.39(3)(a), establishes that his recovery is for less than the full value of his damages, the 50% of benefits factors is inapplicable.[1] The pro rata share of the employer or insurance carrier may then be properly calculated by the following formula: (percentage of recovery actually received by employee) X (actual recovery as reduced from full value of damages sustained because of comparative negligence or because of limits on insurance coverage and collectibility/full value of damages sustained) X (amount paid and future benefits to be paid by employer or carrier) = equitable distribution due to employer or carrier. Applying this formula in the present case the correct calculation is as follows: 58.8% X 45/200 X $28,600 = $3,782.78.
We have considered the other issues raised by appellant, and except as stated above, we find that the trial court did not abuse its discretion.
REVERSED and REMANDED with instructions that appellant be allowed equitable distribution in the amount of $3,783.78.
MAGER, C.J., and CROSS, and ALDERMAN, JJ., concur.
NOTES
[1] Except that the employer or carrier would not be entitled to receive more than 50% of what it has paid and future benefits to be paid.