PER CURIAM.
Petitioner, Fireman’s Insurance Company of Newark, workmen’s compensation carrier, appeals a final order finding that its equitable distribution amounted to $2,663.38.
James Phillips, while in the employ of Central Bank and Trust Company, was injured when he slipped on a cigarette on the bank’s premises. For the injury arising out of his employment, Fireman’s, the bank’s compensation carrier, paid Phillips a total of $19,633.70. Subsequently, Phillips sued Central Bank and the case was settled for $30,000. Fireman’s filed a notice of lien and petitioned for equitable distribution. At a hearing thereon, counsel for Central Bank testified that the case was worth between $120,000 and $150,000 and Phillips *99 was approximately 75% negligent, in that he testified he had seen the cigarette first prior to stepping on it, resulting in the $30,000 settlement. The trial judge determined that the full value of the damages was $130,000 and that Phillips was comparatively negligent. The judge then applied the formula as set out in National Ben Franklin Ins. Co. v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976) and awarded Fireman’s $2,663.38. Fireman’s appeals this award and alleges (1) that the judge failed to exercise his discretion in that he simply applied the formula approved in National Ben Franklin Ins. Co., supra, and (2) the evidence at the hearing was legally insufficient to support the determination of the trial judge as to the full value of damages (i. e. $130,000) and the comparative negligence on the part of Phillips.
The determination of the amount of an equitable distribution rests within the sound discretion of the trial court. Liberty Mutual Insurance Company v. Williams, 356 So.2d 54 (Fla. 4th DCA 1978). There was no abuse of discretion on the part of the trial judge in deciding to apply the formula set out in National Ben Franklin Insurance Company v. Hall, supra. In fact, counsel for Fireman’s did not object when the trial judge applied the formula and determined thereunder that Fireman’s was entitled to $2,667.38.
With regard to the ground of insufficiency of the evidence, the record demonstrates to the contrary. The testimony of counsel for Central Bank and Phillips is sufficient to support the determination as to the full value of the case and Phillips’ comparative negligence. Thus, the determination of the amount of the equitable lien based upon these factual findings should not be disturbed on appeal. Zurich Insurance Company v. Renton, 189 So.2d 492 (Fla. 2d DCA 1966).
Affirmed.