DAUKSCH, Judge.
This is an appeal from an order entered upon a motion for equitable distribution in a personal injury suit. The plaintiff’s worker’s compensation carrier seeks to recover from its payee, the plaintiff, all benefits paid by the carrier in accordance with section 440.39(3)(a), Florida Statutes (1978).
That statute permits a worker’s compensation carrier to obtain a lien upon a judgment in a personal injury suit to the full extent of the already paid and future benefits the carrier must pay to the plaintiff *30 under the Worker’s Compensation law. The statute contains a proviso that limits the amount of the carrier’s lien if the plaintiff/employee can establish she has not recovered from the tortfeasor the full value of damages she sustained. This would occur in a case in which a plaintiff does not recover from the tortfeasor the full measure of damages either because of comparative negligence or the limits of insurance coverage were less than the total damages or the damages are uncollectible, in whole or part.
In this case Imogene McConkey was injured when Clayton LaRoche drove his car into the rear of her car. She suffered damages greatly in excess of what LaRoche could pay. The trial judge found she suffered $400,000.00 in damages and LaRoche had no money or assets except a $25,000.00 insurance policy. Included within the $400,000.00 figure is an amount for pain and suffering.
The trial court properly conducted a hearing where it was established that the plaintiff’s net recovery after the costs and attorney’s fees were deducted was $18,000.00. The worker’s compensation carrier had paid $37,730.00 in benefits and expected to pay future benefits of $150,444.00 plus an undetermined amount of future medical expenses. The court found that the future benefits figure, as best as could be approximated, should be $158,500.00.
So, to recapitulate, the figures are:
1. Amount paid by tortfeasor = $ 25,000.00
2. Actually received = $ 18,000.00
3. Percentage of recovery actually received = 72%
4. Actual damages = • $400,000.00
5. To be paid by carrier = $196,230.00
As we determined in Orange County v. Sealy, 412 So.2d 25 (Fla. 5th DCA 1982) and as the Fourth District Court of Appeal held in National Ben Franklin Insurance Company v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976), a formula can be used to fairly calculate what is due an employer/carrier from an employee/plaintiff in equitable distribution of the proceeds obtained from the third party tortfeasor/defendant.
The pro rata share of the employer or insurance carrier may then be , properly calculated by the following formula: (percentage of recovery actually received by employee) X (actual recovery as reduced from full value of damages sustained because of comparative negligence or because of limits on insurance coverage and collectibility/full value of damages sustained) X amount paid and future benefits to be paid by employer or carrier = equitable distribution due to employer or carrier.
National Ben Franklin Insurance Company v. Hall, Id. at 1270,
A fair and evenhanded manner in which to handle all equitable distribution cases is to do so by a mathematical formula. Perhaps no subject in the law can be decided by a formula in all cases and always reach the most fair and equitable result. For that reason we are hesitant to say this formula is absolute and must always be applied; but we now hold that unless some overriding reason can be articulated for not applying this formula then it should be applied in all equitable distribution cases under the worker’s compensation law. Should the trial court determine an overriding reason for not applying the formula then such should clearly appear on the record and be set out in the order.
Applying the formula to the figures in this case we find the following result:

*31 The second factor is computed as follows:
(actual recovery as reduced from)
(full value of damages sustained)
(because of limits on insurance )
(coverage and collectibility ) = $ 25,000.00
( full value of damages. ) $400,000.00
( sustained )
Thus, the second factor is 25
400
The third factor is computed as follows:
(amount paid and future) _
(benefits to be paid ) - $ 37,730.00 (amount paid)
$158,500.00 (future benefits, averaged)[1]
$196,230.00
Thus, the third factor is $196,230.00.
The formula as applied to this case:
OK 12% x " x $196,230.00 = $8,830.35
Thus, using the formula and facts as found by the trial court, appellants are entitled to $8,830.35 equitable distribution under the National Ben Franklin method.
One last thing; it is not clear from the record whether the trial court considered the future benefits to be paid in the light of present dollar value. In the face of the historical unrelenting reduction of the value (purchasing power) of the dollar it is certain that “inflation” will continue and thus the future benefits figure should be reduced to present day value.
The order of the trial court finding the appellant to be entitled to $810.00 is reversed and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, J., concurs.
SHARP, J., dissenting and concurring in result only with opinion.

. The trial court found that future compensation would be in the range of $137,000.00 to $180,000.00; for an average of $158,500.00. The carrier is entitled to recovery for future benefits to be paid. See Gangler v. South Florida Crane Service, 385 So.2d 153 (Fla. 4th DCA 1980).