432 So.2d 125 (1983)
HEWITT, COLEMAN & ASSOCIATES, Appellant,
v.
Michael J. GRATTAN, Appellee.
No. 82-1622.
District Court of Appeal of Florida, Second District.
April 29, 1983.
Rehearing Denied June 3, 1983.
*126 Douglas E. Daze of Haas, Boehm, Brown & Rigdon, P.A., Orlando, for appellant.
William A. Patterson of Masterson, Rogers, Patterson & Masterson, P.A., St. Petersburg, for appellee.
PER CURIAM.
Appellant complains that the court erred in limiting its claim for reimbursement of workers' compensation benefits under section 440.39, Florida Statutes (1981).
Grattan was injured in an accident while working for Dara-Henessey Construction Company. As a consequence, he filed suit for damages against several parties. Appellant, the servicing agent/insurance carrier for Dara-Henessey, filed notice of lien for workers' compensation benefits paid to Grattan. The insurance carrier had paid medical expenses and disability benefits under the workers' compensation law in the amount of $80,037.14.
The lawsuit was ultimately settled, and the court conducted a hearing on the insurance carrier's claim for reimbursement. In the settlement, Grattan had received $210,000, but from this sum he paid $70,000 in attorney's fees and $10,000 in costs. The attorney for one of the defendants testified that he had determined that a reasonable jury could return a verdict of $750,000 as the total damages suffered by appellee. He stated, however, that he authorized the payment of only $200,000 toward the settlement of the appellee's claim because he felt that his client had a good chance of being held immune from recovery under section 440.11, Florida Statutes (1977). He did not take comparative negligence into consideration, although he would have argued it as a defense at the trial. He added that his client had several million dollars of insurance coverage.
Grattan read into evidence excerpts of depositions which indicated that he was injured when a crane came in contact with an overhead electric power line. One of his duties was to give signals to the crane operator warning him to keep the crane away from the power line. The deposition of a doctor who treated Grattan was introduced into evidence as well as a copy of Grattan's medical records. The court awarded the carrier reimbursement in the sum of $1,386.40.
Section 440.39(3)(a), Florida Statutes (1981), the statute applicable to these proceedings, reads in pertinent part:
Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, *127 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party.
The court determined that Grattan's claim was worth $750,000 and that his failure to recover more than $210,000 was due entirely to his own negligence. While acknowledging that the full value of damages sustained by Grattan was $750,000, the carrier argues that Grattan's failure to recover full value was not "because of comparative negligence or because of limits of insurance coverage and collectibility" but rather because the primary defendant had a good immunity defense. Admittedly, the immunity defense influenced the defendant's attorney, and it is not one of the statutory factors which may be considered in determining whether an employee has recovered full value. However, the evidence in the record concerning how the accident happened supports the court's conclusion that Grattan was 72% negligent.[1] After all, he was charged with the responsibility of alerting the crane operator to avoid the very accident which caused his injuries. We do not read Maryland Casualty Insurance Co. v. Reeves, 418 So.2d 1257 (Fla. 4th DCA 1982), as holding that the judge is bound by the defense attorney's evaluation where, as here, there was other evidence bearing upon the extent of the claimant's negligence. Hence, we cannot accept this aspect of the carrier's argument.
Based upon the court's findings, section 440.39, Florida Statutes (1981), called for the carrier to receive $22,410.40 in reimbursement. This is computed by taking 28% of the $80,037.14 paid to Grattan pursuant to the workers' compensation law. Risk Management Services, Inc. v. Scott, 414 So.2d 220 (Fla. 1st DCA 1982); Lee v. Risk Management, Inc., 409 So.2d 1163 (Fla. 3d DCA 1982).[2]
The problem here is that once the court determined the full value of Grattan's damages, the parties agreed that the amount of reimbursement should be determined according to the formula set forth in National Ben Franklin Insurance Co. v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976). Apparently, the parties were unaware that a 1977 amendment to section 440.39(3)(a) substantially changed the wording of the statute and rendered the National Ben Franklin formula obsolete. The same thing occurred in Risk Management Services, Inc. v. McCraney, 420 So.2d 374 (Fla. 1st DCA 1982), in which the parties tried a post-1977 case on the basis of the National Ben Franklin formula. Yet, on appeal the insurance carrier argued that the 1977 version of the statute controlled. The court agreed but refused to disturb the award because of the doctrine of "invited error." Since the carrier has yet to point out that the 1977 statute governs this case, we choose to make a similar disposition.
There remains the question of whether the court properly applied the formula which was explained in National Ben Franklin as follows:
The pro rata share of the employer or insurance carrier may then be properly calculated by the following formula: (percentage of recovery actually received by employee) X (actual recovery as reduced from full value of damages sustained because of limits on insurance coverage and collectibility/full value of damages sustained) X (amount paid and future benefits to be paid by employer or carrier) = equitable distribution due to employer or carrier.
*128 340 So.2d at 1270. The trial court applied the formula in the following manner: [net amount received ($130,000) divided by full recovery ($210,000)] multiplied by [actual recovery ($210,000) divided by full value of damages sustained ($750,000)] multiplied by [amount paid or to be paid by the employer or carrier ($80,037.14)]. The formula then read: 61.9% X 28% X $80,037.14 = $13,864.[3]
Up to this point, the parties were in accord concerning the computations under the formula. However, Grattan convinced the trial judge to further reduce the reimbursement figure upon the rationale of Orange County v. Sealy, 412 So.2d 25 (Fla. 5th DCA 1982), that the workers' compensation carrier should not be reimbursed for that portion of the third party recovery attributable to pain and suffering. The court accepted Grattan's suggestion that 90% of his damages consisted of pain and suffering, thereby reducing the formula figure by 90% and limiting the reimbursement to $1,386.40. In this respect, we believe the court erred. Nothing in the statute from which the National Ben Franklin formula was derived suggests that a pain and suffering factor should be deducted in the computation of the reimbursement claim. At that time, the statute already limited the recovery to 50% of the benefits paid. Moreover, in a decision subsequent to Sealy, the Fifth District Court of Appeal returned to the strict application of the National Ben Franklin formula. State, Department of Health & Rehabilitative Services v. McConkey, 421 So.2d 29 (Fla. 5th DCA 1982). Accordingly, we hold that the court should not have applied a further reduction to the figure derived from the formula. The carrier is entitled to reimbursement of $13,864.
REVERSED.
GRIMES, A.C.J., and RYDER and SCHOONOVER, JJ., concur.
NOTES
[1] $210,000 is 28% of $750,000.
[2] Had there been no showing of comparative negligence, the statute would have dictated a 100% reimbursement because the carrier's payments did not exceed Grattan's net recovery. State, Dept. of Health & Rehabilitative Services v. Culmer, 402 So.2d 1273 (Fla. 3d DCA 1981).
[3] The total does not compute to the exact dollar because the numbers were rounded off in the calculation.