436 So.2d 1134 (1983)
STATE of Florida, DIVISION OF RISK MANAGEMENT, Appellant,
v.
Elbert E. McDONALD, Appellee.
No. 82-703.
District Court of Appeal of Florida, Fifth District.
September 8, 1983.
John P. Brooks of Jones & Langdon, P.A., Gainesville, for appellant.
Charles R. Forman, Ocala, for appellee.
ORFINGER, Chief Judge.
In this appeal the State, through the Division of Risk Management, contends that the trial court erred in awarding an amount less than 100% of the worker's compensation benefits paid to the injured employee, following a settlement between the employee and the tortfeasor. We affirm.
Appellee McDonald, while working for the State Division of Forestry, was injured when he fell into a hole excavated by Florida Telephone Corporation. McDonald filed a claim for worker's compensation benefits, and was paid $2,118.78 in compensation disability benefits and $566.18 in medical benefits. McDonald sued Florida Telephone Corporation and its insurer for damages arising from this incident, and the State of Florida, Division of Risk Management filed a notice of lien, claiming an interest in any judgment or settlement resulting from the suit. The suit was eventually settled for $25,000.
On the motion of the employee/plaintiff to determine the amount of the State's lien, the trial court conducted a hearing at which he heard the sworn testimony of the plaintiff and the argument of counsel, considered the argument that plaintiff had settled his claim for less than its true worth because of liability considerations (comparative negligence), and heard the uncontroverted testimony that plaintiff had incurred $10,000 in attorney's fees and $1,111.66 in costs. Based on this evidence, the trial court awarded the employer $700 for its compensation lien.
The controlling statute is section 440.39(3)(a), Florida Statutes (1979), which provides, in pertinent part:
... Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, *1135 100 percent of what is has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party....
In National Ben Franklin Insurance Co. v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976), the court reviewed the 1975 version of this statute, and held that unless the employee could demonstrate that he had not recovered the full value of the damages sustained by him, either due to comparative negligence or because of limits of insurance coverage and collectibility, the employer (or the insurer) was entitled to recover 50% of any compensation benefits it had paid. However, if an employee did prove that he did not recover the full value of his damages, the court held that "the provision of the statute allowing appellant to recover 50% of what it has or will pay" was not applicable. Rather, the employer was entitled only to recover a pro rata share of the compensation benefits it had paid, based on a formula which took into account the employee's attorney's fees, the full value of the claim as compared with the actual recovery and the benefits paid or to be paid by the employer. Appellant says, however, that the statutory change made in 1977 now makes National Ben Franklin inapposite. This court, however, has applied the National Ben Franklin formula since the 1977 amendment. State of Florida, Department of Health and Rehabilitative Services v. McConkey, 421 So.2d 29 (Fla. 5th DCA 1982); Orange County v. Sealy, 412 So.2d 25 (Fla. 5th DCA 1982).
The appellant recognizes our adherence to the National Ben Franklin formula, but suggests that we reconsider our view and construe the statute as have other district courts; however, we decline the invitation because we believe that our construction of the statute is correct.
The 1977 version of the statute differs from the 1975 version (under which National Ben Franklin was decided) in pertinent part as follows:
... Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, 100 50 percent of what it has paid and future benefits to be paid unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party... .
Chapter 77-290, Laws of Florida, 1977 [words in struck through type are deleted. Words in italicized type are new.]
The 1977 amendment changed 50% repayment to 100% and provided for the deduction of attorney's fees and costs. What remained in the statute even after this amendment was the requirement that the trial court determine the "pro rata share" to which the employer is entitled, and the proviso that the employer will not recover the stated percentage:
"[if] the employee ... can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility."
*1136 The sole issue before us is whether we should continue to apply the National Ben Franklin rule or recede from it. Appellant does not challenge the sufficiency of the evidence presented to the trial court, nor does it challenge the correctness of the trial court's computations or result, if the National Ben Franklin formula was properly used. Thus, our discussion involves only the narrow legal issue on the continued viability of National Ben Franklin in cases where the plaintiff makes the requisite showing that he did not recover the full value of his claim either because of comparative negligence or because of insurance coverage and collectibility. There appears to be no problem with insurance limits in the case before us, but the trial court did consider evidence and argument on the question of appellee's comparative negligence. Thus, we are not confronted with the circumstances found to exist in State of Florida, Dept. of Health and Rehabilitative Services v. Culmer, 402 So.2d 1273 (Fla. 3d DCA 1981), where the court found that the plaintiff had failed to demonstrate that he had not recovered the full value of his claim. We do not address that issue here.
Appellant relies on Risk Management Services, Inc. v. Scott, 414 So.2d 220 (Fla. 1st DCA 1982) and Lee v. Risk Management, Inc., 409 So.2d 1163 (Fla. 3d DCA 1982), as support for its position that it is entitled to a greater portion of the recovery than the National Ben Franklin rule entitles it to. We cannot agree with the interpretation of the statute arrived at in these cases. We see nothing in the statute which proposes to penalize the injured employee and provide the compensation carrier with a windfall, free from any expense at all in connection with the litigation which produces the recovery for the employee and thus for the carrier as well. Lee takes the position that "the legislature has clearly evinced its intention that the burden of these charges [attorney's fees and costs] is now to be placed on the plaintiff, and that conversely the carrier's reimbursement is not to be diminished by any share of those expenses," Id. at 1165, and Scott apparently agrees.
We respectfully disagree. Under National Ben Franklin, attorney's fees and costs were deducted by plugging into the formula only the net recovery to the employee. We view the language of the statute which now specifically requires the deduction of those items as legislative recognition of that rule of law adopted by the courts when the statute did not contain that language. The only other change is the award to the carrier of 100% of the benefits paid or to be paid instead of 50%. The trial court is still required, as it was under the older version of the statute, to prorate the award where the employee has not made a full recovery either because of comparative negligence or insufficient insurance coverage or collectibility. There would be nothing for the court to "prorate" if the statute required only the mathematical computation of deducting attorney's fees and costs and giving everything else to the carrier if the benefits paid or to be paid exceeded what was left. We do not find the legislative intention to be that harsh.
Accordingly, we affirm the judgment below. We certify this decision to be in conflict with Scott, supra, and Lee, supra.
AFFIRMED.
COBB and COWART, JJ., concur.