ANSTEAD, Chief Judge.
This is an appeal from a trial court’s order allowing for payment and proration of attorneys’ fees and costs between a workers’ compensation carrier and an injured employee out of the proceeds of a third party tort claim and before any payment of the carrier’s compensation lien is made. We affirm the decision of the trial court upon the authority of Division of Risk Management v. McDonald, 436 So.2d 1134 (Fla. 5th DCA 1983).
We recognize that it is difficult to reconcile the precise language of the statute in question, section 440.39(3)(a), Florida Statutes (1981),[1] with the provision in National Ben Franklin Insurance Co. v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976), permitting the proration of expenses and attorney's fees. A literal reading of the statute appears to require the injured employee to bear all the costs and attorneys’ fees involved in the tort recovery even though the carrier directly benefits from the recovery obtained. Under the statute, the carrier is entitled to recover the compensation benefits paid to the employee out of the employee’s tort recovery. Because National Ben Franklin pre-existed the drafting of the version of the statute in question here, we believe the legislature contemplated that the judicial gloss requiring proration adopted in National Ben Franklin would also apply to this statute. Neither version of the statute expressly provided for pro-ration.[2] In addition, we believe the subse *547 quent action of the legislature in expressly providing for proration of fees and costs by an amendment to section 440.39(3)(a) effective June 30, 1983 is actually a clarification of legislative intent, originally properly detected in National Ben Franklin.
To hold otherwise would require us to conclude that the legislature intended that the injured employee bear the complete expense of enforcing the carrier’s right to recover its compensation payments from the third party tortfeasor. We do not believe the legislature intended such an unfair and unreasonable result. The net result in this case, and others like it, would be that the prosecution of the tort claim would primarily benefit the compensation carrier and the employee’s lawyers. There would be little left over for the injured employee. Despite frequent accusations that some laws passed by the legislature are merely “lawyer relief bills,” we believe the legislature would be taking a bum rap if we interpreted the statute to permit such a result here. We recognize, however, that other district courts have ruled to the contrary. See Aetna Insurance Co. v. Norman, 444 So.2d 1124 (Fla. 3d DCA 1984); Hewitt, Coleman and Associates v. Grattan, 432 So.2d 125 (Fla. 2d DCA 1983); Risk Management Service, Inc. v. Scott, 414 So.2d 220 (Fla. 1st DCA 1982).
BARKETT, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.

. Section 440.39(3)(a), Florida Statutes (1981), provides:
In all claims or actions at law against a third-party tortfeasor, the employee, or his dependents or those entitled by law to sue in the event he is deceased, shall sue for the employee individually and for the use and benefit of the employer, if a self-insurer, or employer's insurance carrier, in the event compensation benefits are claimed or paid, and such suit may be brought in the name of the employee, or his dependents or those entitled by law to sue in the event he is deceased, as plaintiff or, at the option of such plaintiff, may be brought in the name of such plaintiff and for the use and benefit of the employer or insurance carrier, as the case may be. Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorneys fees and costs incurred by- the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party. Notice of suit being filed shall be served upon the employer and compensation carrier and upon all parties to the suit or their attorneys of record by the employee. Notice of payment of compensation benefits shall be served upon the employee and upon all parties to the suit or their attorneys of record by the employer and compensation carrier.

. Section 440.39(3)(a), Florida Statutes (1975), provides:
In all claims or actions at law against a third party tort-feasor, the employee, or his dependents, or those entitled by law to sue in the event he is deceased, shall sue for the employee- individually, and for the use and benefit of the employer if a self-insurer, or employer’s insurance carrier, in the event compensation benefits are claimed or paid, and such suit may be brought in the name of the employee or his dependents or those entitled by law to sue in the event he is deceased, as plaintiff or, at the option of such plaintiff may be brought in the name of such plaintiff and for the use and benefit of the employer or insurance carrier, as the case may be. Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover 50 percent of what it has *547 paid and future benefits to be paid unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such pro-ration shall be made by the judge of the trial court upon application therefor and notice to the adverse party. Notice of suit being filed and notice of payment of compensation benefits shall be served upon the compensation carrier and upon all parties to the suit or their attorneys of record.