FRANK, Judge.
C & T Erectors, Inc., and Southeastern Fire Insurance Company, an employer and its workers’ compensation carrier, respectively, challenge an equitable distribution order entered by the lower court pursuant to the Workers’ Compensation Law, Chapter 440, Florida Statutes, and specifically section 440.39 of that statute. In 1981, during employment with C & T Erectors, Richard Case was injured. He received compensation payments and medical expenses in accordance with Chapter 440. Following the recovery of $300,000.00 in settlement of the action he initiated against the third party tortfeasor, Case moved the lower court to determine the amount Southeastern was entitled to be reimbursed pursuant to the statute. Southeastern expended $66,441.51 in connection with Case’s medical treatment and it paid him $28,-044.66 in compensation benefits. The attorney’s fee and costs ultimately paid by *500 Case in connection with his third party action totaled $120,818.62.
The lower court applied the formula adopted in National Ben Franklin Insurance Co. v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976), and determined that section 440.39(3)(a), Florida Statutes, entitled Southeastern to $16,930.11 in satisfaction of its lien. The National Ben Franklin formula, enunciated prior to the 1977 amendment of section 440.39{3)(a), requires the carrier to share an equitable portion of the plaintiffs attorney’s fees and costs associated with the conduct of the civil litigation. See Sentry Insurance Co. v. Keefe, 427 So.2d 236, 237, n.l (Fla.3d DCA 1983). Thus, under that formula the carrier’s lien is reduced by a fractional portion of the attorney’s fee and costs expended by the claimant in the third party action. We find reversible error in the lower court’s reliance upon the National Ben Franklin formula and the accompanying result.[1]
It is well established that the substantive rights of the respective parties under the Workers’ Compensation Law are fixed as of the time of the employee’s injury. Sullivan v. Mayo, 121 So.2d 424, 428 (Fla.1960). The statute applicable to the present matter is the one in effect when the injury Case sustained occurred, i.e., Section 440.39(3)(a), Florida Statutes (1981), as it was amended in 1977.[2] Id.; Aaron v. Florida Power & Light Co., 126 So.2d 889 (Fla.3d DCA 1961); Employers Insurance Company of Alabama v. Miller, 121 So.2d 813 (Fla.3d DCA 1960). The statute in that form contemplates that once the attorney’s fee and costs stemming from the third party action are deducted from the tort recovery, the remaining amount represents the outer limit from which the carrier’s lien can be satisfied. The total financial burden of the third party action, however, is to be borne solely by the plaintiff in that action. Lee v. Risk Management, Inc., 409 So.2d 1163, 1165 (Fla.3d DCA 1982). The correct approach in this proceeding is dictated by the 1981 statute. Although it bars Southeastern from recovering 100% of its total benefit payments as a result of Case’s comparative negligence, that circumstance does not cause it to become a participant in the attorney’s fee and costs identified with the tort action. Thus, because the lower court determined that Case’s actual recovery was reduced to $300,000.00 from its true value of $1,000,000.00, our application of section 440.39(3)(a) discloses that Southeastern was entitled to 30% [300,000.00/1,000,000.-00] of the amount it had paid to and on behalf of Case in benefits, i.e., .30 X 94,-485.97 = 28,345.79. In following the National Ben Franklin formula, however, the lower court, although properly diminishing Southeastern’s paid benefits recovery as a result of the reduced settlement due to comparative negligence, improperly prorated and deducted from Southeastern’s entitlement a portion of the attorney’s fee and costs incurred by Case in the third party litigation. Thus, Southeastern’s lien was erroneously decreased to $16,930.11.
The lower court relied on State, Division of Risk Management v. McDonald, 436 So.2d 1134 (Fla. 5th DCA 1983), in applying the National Ben Franklin formula. The Fifth District determined in that instance that the formula survived the 1977 amendment of section 440.39(3)(a). However, this *501 District, as well as the First and Third, have concluded that the 1977 amendment prohibits the type of proration or apportionment which occurred in National Ben Franklin. Hewitt, Coleman and Associates v. Grattan, 432 So.2d 125 (Fla.2d DCA 1983); Whitely v. United States Fidelity & Guaranty Co., 454 So.2d 63 (Fla. 1st DCA 1984); Lee, 409 So.2d at 1163. See Ramar-Dooley Construction Co. v. Norris, 341 So.2d 546 (Fla.2d DCA 1977). We have also considered the most recent decision dealing with this question, Alexsis, Inc. v. Bryk, 471 So.2d 545 (Fla. 4th DCA 1985) and we recognize the forceful equitable considerations underlying the Fourth District’s view that National Ben Franklin produces a just result. We note that our conflict with National Ben Franklin has been substantially resolved by the legislature. With an effective date of June 30, 1983, section 440.39(3)(a) was amended to provide that in a matter of this kind, the attorney’s fees and costs expended in the third party tort action are also to be prorated. We do not, however, perceive our function to include departing from the manifest meaning of section 440.39(3)(a) as it existed in 1981. Hence, we adhere to the principles announced in our opinion in Hewitt. Thus, the lower court erred in its computation based upon the National Ben Franklin formula.
Accordingly, the lower court’s order is reversed with direction that it enter an order consistent with this opinion.
SCHEB, A.C.J., and SCHOONOVER, J., concur.

. Application of the National Ben Franklin formula is expressed in the following arithmetical computation which produced the result we reject:

. The statute in its 1981 form provides that: "the employer or carrier shall recover from the judgment, after attorney’s fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and liability.”