491 So.2d 1177 (1986)
RELIANCE INSURANCE COMPANY, Lienor, Appellant,
v.
Kirby DAVIS, Jr., Ford Motor Company and Trail Ford Tractor Company, Appellees.
No. 84-2023.
District Court of Appeal of Florida, Fourth District.
July 9, 1986.
*1178 Michael A. Estes of Woolfolk, Estes & Keough, P.A., Orlando, for appellant.
Edna L. Caruso of Edna L. Caruso, P.A., Kocha & Houston, P.A., and Hayward Gay, West Palm Beach, for appellees.
*1179 DOWNEY, Judge.
To paraphrase the supreme court's opinion in Aetna Ins. Co. v. Norman, 468 So.2d 226 (Fla. 1985), this case deals with the extent of a workers' compensation insurer's lien on the proceeds of a third party settlement when that settlement is less than full value of the claim because of the claimant's comparative negligence. We are particularly concerned with the appropriate formula to be utilized in determining the amount of the compensation carrier's lien; the proper method to be used in providing for recoupment of the carrier's lien for past and future payments; and several other claimed errors.
Appellee, Kirby Davis, who was injured in the course and scope of his employment while operating a front-end loader, sued the manufacturer and retailer of the machine for damages. Appellant, Reliance Insurance Company, paid workers' compensation benefits to Davis and filed a lien thereafter in the personal injury action. Prior to trial a structured settlement was reached between Davis and the defendants in the tort action, whereby the defendants would pay Davis $350,000 cash initially and an annuity plan payable at $1,200 per month guaranteed for twenty years, totaling $288,000 and, thereafter, an additional $1,200 per month for the remainder of his lifetime, valued at $227,000, if he lived out his life expectancy. Davis's life expectancy is thirty-five years, thus the latter payments were anticipated to be for an additional fifteen years after the guaranteed twenty years. In addition to the foregoing, Davis was receiving monthly workers' compensation benefits because he was permanently and totally disabled.
In due course, appellant filed a motion requesting the circuit court to determine the amount of its lien. The settlement agreement between the parties to the tort action provided that the $350,000 paid "up front" was to be used to pay Davis's attorney's fees and costs. A hearing was held during which evidence was adduced to establish the total value of Davis's claim and the percentage of his contributory negligence. At said hearing appellant contended that, in establishing the value of the carrier's lien, the court should utilize the formula set forth in National Ben Franklin Insurance Company v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976). Davis, on the other hand, relied upon the formula set forth in Lee v. Risk Management, Inc., 409 So.2d 1163 (Fla. 3d DCA 1982). The trial court determined that the formula espoused in Lee v. Risk Management was the proper one and utilized it in its determination of the amount of the lien. That decision gave rise to the first point in this appeal; the appropriate formula to be utilized in determining the amount of the compensation carrier's lien.
The pertinent statute involved here is section 440.39(3)(a), Florida Statutes (1979). It provides that, under circumstances such as we have in the present case, a carrier that has paid compensation benefits to an injured employee is entitled to recover from any tort judgment the employee recovers, after deduction of attorney's fees and costs, one hundred percent of the amount the carrier has paid and future benefits to be paid, unless the employee can show that he did not recover the full value of his damages because of comparative negligence, limits of insurance coverage, or collectibility. Prior to the 1977 amendment to said statute, it provided that the carrier was entitled to recover no more than fifty percent of the amount it paid, and the future benefits to be paid, unless the employee or dependent could demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage or collectibility. It did not specifically provide for deduction from the judgment of attorney's fees and costs. National Ben Franklin was decided under the pre-1977 statute and, thus, the trial court was correct in not relying upon National Ben Franklin, but utilizing instead Lee v. Risk Management. Appellant concedes in its brief that the trial court's ruling accurately reflects the Lee formula, but contends that *1180 utilization of that formula was error in the light of National Ben Franklin. Since entry of the judgment, the Supreme Court of Florida, in Aetna Insurance Co. v. Norman, 468 So.2d 226 (Fla. 1985), approved the formula used in Lee, and all the applicable cases now accept the fact that National Ben Franklin interpreted a different statute and is no longer applicable. American States Insurance v. See-Wai, 472 So.2d 838 (Fla. 5th DCA 1985); Hewitt, Coleman & Associates v. Grattan, 432 So.2d 125 (Fla. 2d DCA 1983); Sentry Insurance Co. v. Keefe, 427 So.2d 236 (Fla. 3d DCA 1983); Risk Management Services, Inc. v. McCraney, 420 So.2d 374 (Fla. 1st DCA 1982).
In its second point on appeal, appellant contends that the trial court erred in making an inadequate provision for appellant to recoup the amount of its lien for past and future payments. The judgment provided for appellant to recoup the amount of $22,300, representing the adjusted amount for past payments, by receiving ten percent of each monthly compensation benefit and an additional ten percent for future compensation benefits paid by appellant, thereby reducing any workers' compensation payments to Davis by twenty percent. Appellant contends that, under such an arrangement, it may never be repaid if Davis should suddenly die, even though Davis is guaranteed at least $1,200 per month for twenty years.
We hold that there is merit to appellant's contention that providing for recoupment of appellant's past and future payments out of the monthly compensation benefits to be paid appears to be inequitable because the twenty percent reduction from current compensation payments for past and future compensation paid will continue over too long a period of time to constitute an effective repayment schedule. Appellee, however, states that the additional ten percent reduction from future workers' compensation benefits to reimburse the $22,300 lien includes ten percent of both disability and medical payments. Appellant agrees that, if the foregoing is indeed the intent of the trial court, then its order is not so inequitable. The evidence here revealed that Davis's medical costs were approximately $40,000 per year. Therefore, if the ten percent reduction were to include medical benefits, appellant would receive approximately $4,000 a year toward reimbursement of its lien and recoup the entire amount of the lien in less than six years. However, it is not clear from reading the trial court's order whether the term "future workers' compensation benefits" includes both disability and medical payments.
Furthermore, the trial court has determined that the amount due appellant as its lien for past compensation payments is $22,300. Appellant is entitled to that sum now. To make it payable over the employee's life expectancy, or a major portion thereof, is not the same as paying that sum today. We have the reverse of the usual situation where a party receives today a sum of money to cover damages to be incurred in the future, which requires a reduction of the sum now to present value. The court needs to determine what sum necessarily must be paid to appellant over the future period to ensure that appellant, at the end thereof, receives the equivalent of $22,300 paid today.
Appellee responds to appellant's argument that the recoupment plan was inequitable by pointing out that appellant offered no evidence at the trial court hearing regarding the inequity of the plan, nor did it raise the argument now made on appeal. We reject the contention that appellant failed to preserve this issue for appeal because, until the judgment was entered, appellant had no way of knowing what sort of equitable distribution the trial court would fashion. Thus, under the circumstances, we believe appellant should be able to object on appeal to the trial court's plan.
Therefore, on remand, the trial court should clarify its order to reflect whether the ten percent retainage includes medical as well as disability payments. If the court did not intend to include ten percent of the medical benefits, then it should consider *1181 further evidence and argument to ensure a more equitable plan of recoupment, which may include awarding appellant the twenty percent retainage for both past and future disability benefits already provided for in the judgment under review, as well as a percentage of the medical benefits and a percentage of the monthly annuity payments. In addition, the court should redetermine the amount of the appellant's lien for past compensation payments (formerly set at $22,300) in view of its payment over an extended period in the future.
The third appellate point has to do with appellant's claim that the attorney's fees and costs negotiated between plaintiffs and defendants were excessive and prejudicial to appellant. Appellant suggests there was fraud involved in that agreement and the figures used as a basis for determining the fees were improper. We hold the fraud claim was not preserved by any proof and that the argument that the determination of attorney's fees was improperly based on the gross amount of the future payments rather than the present value thereof was never presented to the trial court.
Appellant contends that the trial court based the determination of attorney's fees upon a figure of $850,000, i.e., the aggregate of $350,000 cash, $288,000 past compensation payments, and $227,000 future payments. Appellant argues that an annuity of approximately $175,000 would pay out the total of the future payments and, therefore, that figure should have been added to the $350,000 cash to determine the basis for calculating the attorney's fees to be paid.
Though we hold this point has not been preserved, we take the opportunity to observe that, in a structured settlement of the magnitude of this one, we question the propriety of basing a contingent attorney's fee on the total amount of the future payments rather than the present value thereof. For example, in Donaghy v. Napoleon, 543 F. Supp. 112, 113 (D.N.J. 1982), the court said:
In determining the amount of the recovery on which the fee is to be based, the court must calculate the fair market value  or the present cost  of the settlement fund. Of course, when a settlement calls for a single cash payment, there is no difficulty in determining the recovery amount. When the parties establish a "structured settlement," as in this case, then the recovery amount cannot be determined solely by reference to the aggregate amount of expected cash payments to be made in the future. Rather, the court is required to establish the present value of the settlement fund out of which future payments are to be made.
See also Godwin v. Schramm, 731 F.2d 153 (3d Cir.1984); Rosquist v. Soo Line R.R., 692 F.2d 1107 (7th Cir.1982); Stineman v. Fontbonne College, 664 F.2d 1082 (8th Cir.1981); Hagen v. Venem, 366 N.W.2d 280 (Minn. 1985); Matter of Swartz, 141 Ariz. 266, 686 P.2d 1236 (1984); Pettiford v. Eskwitt, 189 N.J. Super. 485, 460 A.2d 716 (1983); Matter of Estate of Muccini, 118 Misc.2d 38, 460 N.Y.S.2d 680 (Sur. 1983); Tobias v. Autore, 182 N.J. Super. 328, 440 A.2d 1171 (1982); Johnson v. Sears, Roebuck and Co., 291 Pa.Super. 625, 436 A.2d 675 (1981); Annot., 31 A.L.R.4th 96 (1984) (structured settlement  attorney's fees). Furthermore, numerous cases have refused to allow the entire "up front" or cash payment to be consumed by attorney's fees and costs. It is entirely understandable that counsel would prefer to have all of their fees and costs paid off the top, so to speak, but in an equitable distribution, the plan should be fair to all concerned  counsel, the plaintiff, and the lien carrier.
Appellant's final point is that the trial court's determination of the percentage of contributory negligence of which Davis was guilty was based upon hearsay. However, appellant made no objection to the testimony as it was adduced at said hearing. Thus, this point, also, is not preserved.
*1182 In view of the foregoing, we affirm the judgment appealed in all respects, except that the portion of the judgment relating to the manner in which appellant should recoup its past and future payments is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
LETTS, J., and HURLEY, DANIEL T.K., Associate Judge, concur.