SCHEB, Acting Chief Judge.
Continental Insurance Company contends the trial court erred in reducing its entitlement under its lien for workers’ compensation benefits by a pro rata share of attorneys’ fees and costs incurred by appellee in prosecuting claims against third-party tort-feasors. Appellee Pamela Coon, as personal representative, cross-appeals the manner in which the compensation lien was fashioned. We agree with Continental’s position but we find no merit to the two points raised by the cross-appeal.
On November 4, 1981, Jerry Frank Coon was injured in an industrial accident. He died five days later and Pamela Coon, his widow, became personal representative of his estate. The Coon estate prosecuted an action against some third-party tort-feasors which the estate contended were responsible for Coon’s injury and resulting death. Pursuant to section 440.39(3)(a), Florida Statutes (1981), Continental filed a claim of lien against the proceeds received by the Coon estate as a result of its litigation. The estate received a settlement from some of the tort-feasors and a jury verdict in its favor against others resulting in a substantial award of compensatory damages. Continental claimed it was entitled to be reimbursed for the full amount of $71,338.45 it paid to Jerry Frank Coon and his estate as workers’ compensation benefits.
The trial court determined that Continental’s lien should be reduced by a pro rata deduction for the attorneys’ fees and for costs incurred by the Coon estate in its action against the third-party tort-feasors. Consequently, Continental was allowed a net recovery of $30,445.49. This appeal ensued.
Continental correctly points out that section 440.39(3)(a), as it existed when Coon was injured in 1981, authorized a workers’ compensation carrier to recover 100% of the total benefits it paid without any deduction for attorneys’ fees and costs incurred in an action against third-party tort-fea-sors. C & T Erectors, Inc. v. Case, 481 So.2d 499 (Fla. 2d DCA 1985). The trial court properly determined that the 1981 statute applied. It erred, however, in deducting attorneys’ fees and costs from Continental’s recovery.
Appellee suggests we recede from our position in C & T Erectors, Inc. and follow the view of the Fourth District Court of Appeal expressed in Alexsis, Inc. v. Bryk, 471 So.2d 545 (Fla. 4th DCA 1985) and National Ben Franklin Insurance Co. v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976). We rejected this argument in C & T Erectors, Inc., and we decline the invitation to revisit our holding in that case. We noted in C & T Erectors, Inc., that the conflict between our court and the Fourth District in the decisions on this point has been resolved by the 1983 amendment to section 440.39(3)(a). The 1983 statute provides that attorneys’ fees and costs expended in third-party tort actions are to be prorated and the workers’ compensation carrier’s lien reduced accordingly. C & T Erectors, Inc., 481 So.2d at 501. Of course, we are bound to adhere to the meaning of section 440.39(3)(a) as it existed when Mr. Coon’s accident occurred in 1981. Sullivan v. Mayo, 121 So.2d 424, 428 (Fla.1960); Martel v. Gibeaut, Inc., 330 So.2d 493 (Fla. 4th DCA 1976).
Accordingly, we vacate the portion of the trial court’s order deducting attorneys’ fees and costs from the carrier’s lien and remand for modification of the order consistent with this opinion.
SCHOONOVER and SANDERLIN, JJ., concur.