511 So.2d 971 (1987)
Pamela COON, As Personal Representative of the Estate of Jerry Frank Coon, Deceased, Petitioner,
v.
The CONTINENTAL INSURANCE COMPANY, C/O Underwriters Adjusting Company, Respondent.
No. 69468.
Supreme Court of Florida.
July 9, 1987.
Rehearing Denied September 30, 1987.
*972 Joel S. Perwin of Podhurst, Orseck, Parks, Josefberg, Eaton, Meadow and Olin, P.A., Miami, and Wagner, Cunningham, Vaughan and McLaughlin, P.A., Tampa, for petitioner.
Michael L. Rosen and Charles E. Bentley of Holland and Knight, Tallahassee, for respondent.
John P. Shevock of Gillespie, McCormick, McFall, Gilbert and McGee, Fort Lauderdale, for amicus curiae Academy of Florida Trial Lawyers.
BARKETT, Justice.
We have for review Continental Insurance Co. v. Coon, 493 So.2d 485 (Fla. 2d DCA 1986), which expressly and directly conflicts with Alexsis, Inc. v. Bryk, 471 So.2d 545 (Fla. 4th DCA 1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve in part and quash in part the decision of the court below.
On November 4, 1981, Jerry Frank Coon was injured in an industrial accident and died five days later. His widow and personal representative of his estate, Pamela Coon, instituted a wrongful death action against third-party tortfeasors that the estate contended were responsible for Coon's death. The insurance carrier responsible for worker's compensation payments arising from Coon's injury and death, Continental Insurance Company, filed a claim of lien against a settlement received by the Coon family from several of the alleged third-party tortfeasors. Under this lien, which was authorized under section 440.39(3)(a), Florida Statutes (1981), Continental contended that it was entitled to be reimbursed for the full amount of $71,336.45 it paid to Coon's estate or his survivors.
The trial court determined that the lien should be reduced pro rata so that Continental would share in paying the attorney's fees and costs incurred by the Coon estate in prosecuting its wrongful death claim. Continental thus received a net recovery of only $30,445.49, which was deducted from the separate tort settlements paid to Pamela Coon and the surviving children. Continental subsequently appealed to the Second District, arguing that this proration was improper. The Coon estate cross-appealed on grounds that its settlement with the *973 third-party tortfeasors was below the actual value of the damages, and that Continental's recovery also should have been reduced pro rata to reflect this difference. As its second point on cross-appeal, the Coon estate argued that the trial court erred in reducing the children's separate settlement, since the children were not named beneficiaries of the worker's compensation award.
The narrow issue before us is the construction of a portion of Florida's Worker's Compensation Law, section 440.39(3)(a), Florida Statutes (1981). Initially, we observe that the legislature in 1983 substantially amended this section to provide that the "carrier's lien" must be reduced by its pro rata share of attorney's fees and expenses incurred to effectuate a recovery against third-party tortfeasors. Thus, under the law as amended in 1983, Continental's single claim on appeal would be without merit.
However, this case arose under the law as it existed in 1981, when Coon was injured. In pertinent part, section 440.39(3)(a), Florida Statutes (1981), said:
Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility.
(Emphasis added.)
Coon's estate argues that the statute is inherently ambiguous in that the "pro rata share" language conflicts with the language permitting a carrier to recover 100 percent of what it has paid. Coon's estate thus urges us to apply the rule of statutory construction that, when ambiguity exists, we must adopt the interpretation that best accords with the underlying purpose of the statute. This purpose, argues the Coon estate, is to shoulder on industry the expense incident to the hazards of industry and to lift from the public the burden of supporting those incapacitated by industry. General Properties Co. v. Greening, 154 Fla. 814, 18 So.2d 908 (1944).
While we cannot disagree with this statement of purpose, we are unpersuaded that it requires us to accept the Coon estate's first two arguments on appeal: (1) that the carrier's lien should be reduced by a pro rata share of attorney's fees and costs incurred in suing or settling with third-party tortfeasors, and (2) that the lien should be reduced pro rata so that Continental would share in the reduction below actual damages that allegedly is reflected in the settlement.
Rules of construction "are useful only in case of doubt and should never be used to create doubt, only to remove it." State v. Egan, 287 So.2d 1, 4 (Fla. 1973). We do not find any ambiguity that would necessitate applying rules of construction, especially since we believe these rules would lead to a result contrary to the legislative intent. In the case at bar, we agree with Continental that the proration requirement in section 440.39(3)(a) as it existed in 1981 refers only to those instances where the employee or survivors cannot collect the full amount of damages because of comparative negligence or the limits of insurance coverage and collectibility. To adopt the estate's interpretation of the statute would give no effect whatsoever to the clear language that a carrier can recover 100 percent except in these specific instances. Since the 1981 statute makes no mention of reducing the lien by either the amount of attorney's fees or because of a settlement below the actual value of damages, *974 we cannot accept the estate's arguments on either of these points.
Moreover, we cannot find, as Coon's estate contends, that the 1983 amendment constituted a legislative clarification of the "true" intent to mandate proration of attorney's fees and costs. The legislative staff analysis that accompanied adoption of the 1983 amendments supports only the opposite conclusion:
Presently, if an employee brings a suit against a third-party tortfeasor for an injury that resulted in worker's compensation being paid, the employer/carrier is entitled to reimbursement for 100 percent of compensation benefits paid. The employer/carrier does not share in the cost of the attorney's fees incurred by the claimant. The bill deducts from the reimbursement to the employer/carrier its pro rata share of the court costs and attorney's fees incurred by the employee.
Senate Staff Analysis, Bill No. HB-1277 (June 27, 1983) (emphasis added). Nowhere does the bill or the analysis portray the bill as a "clarification," nor does it recite that the courts improperly construed the previous legislative intent on the proration of attorney's fees.
Finally, we note that the overwhelming weight of authority supports the interpretation we accord section 440.39(3)(a), Florida Statutes (1981), on the proration of attorney's fees and costs. E.g., C & T Erectors, Inc. v. Case, 481 So.2d 499 (Fla. 2d DCA 1985); American States Insurance v. See-Wai, 472 So.2d 838 (Fla. 5th DCA 1985), receding from State, Division of Risk Management v. McDonald, 436 So.2d 1134 (Fla. 5th DCA 1983); Whitely v. United States Fidelity & Guaranty Co., 454 So.2d 63 (Fla. 1st DCA 1984), review denied, 462 So.2d 1108 (Fla. 1985); Liberty Mutual Insurance Co. v. Rodriguez, 436 So.2d 1091 (Fla. 3d DCA 1983); Hewitt, Coleman & Associates v. Grattan, 432 So.2d 125 (Fla. 2d DCA 1983); Sentry Insurance Co. v. Keefe, 427 So.2d 236 (Fla. 3d DCA 1983); Risk Management Services, Inc. v. Scott, 414 So.2d 220 (Fla. 1st DCA 1982); Lee v. Risk Management, Inc., 409 So.2d 1163 (Fla. 3d DCA 1982). Moreover, the Fourth District apparently has receded from its decision in Alexsis. See Reliance Insurance Co. v. Davis, 491 So.2d 1177 (Fla. 4th DCA 1986). We therefore disapprove Alexsis to the extent it conflicts with the views expressed herein.
As to the estate's final argument, we agree that the Coon children's separate settlement with third-party tortfeasors is not subject to the carrier's lien under the facts of this case. The worker's compensation award here was made in the name of Pamela Coon, not the children. While it is true that this award was somewhat enhanced on account of the children, the children themselves have no independent rights in that award nor any right to assure the expenditure of the enhanced amount for their benefit. Thus, they are not direct beneficiaries of the compensation payments. In contrast, monies recovered against the third parties on behalf of the children are for their direct benefit, and accountability for those sums is required through guardianship or other appropriate proceedings. We therefore find that the district court erred in extending the recovery of the lien amount to the children's recovery.
We, thus, approve in part and quash in part the decision of the district court, and remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON, EHRLICH, SHAW and KOGAN, JJ., concur.
GRIMES, J., concurs in part and dissents in part with opinion with which McDONALD, C.J., concurs.
GRIMES, Justice, concurring in part and dissenting in part.
I concur with all aspects of the majority opinion except that which holds that Continental's subrogation lien does not apply to the children's portion of the recovery from the third-party tortfeasor.
When an employee is killed in the course of his employment, section 440.16(1)(b), *975 Florida Statutes (1985),[*] provides for worker's compensation payments equivalent to 50% of the employee's average weekly wage to be paid to the surviving spouse if there is no child. In the event of a spouse and one or more children, an additional 16 2/3% of the average weekly wage is to be paid to the spouse "on account of the child or children." Thus, in this case 66 2/3% of the average weekly wage was paid to the spouse, although under the statute the deputy commissioner could have directed that some of the payments be made directly to the children through the appointment of a guardian.
The wrongful death action brought by the personal representative of the employee's estate against the third-party tortfeasor included claims on behalf of the surviving spouse and the children. The majority holds that Continental's subrogation lien does not apply to that portion of the settlement of the wrongful death action applicable to the children even though the worker's compensation payments were enhanced because of the children.
Section 440.39(3)(a), Florida Statutes (1985), which provides for worker's compensation subrogation rights in recoveries from third-party tortfeasors does not deal in such nuances. Rather, the statute states that notice of the payment of compensation and medical benefits to the employee or his dependents "shall constitute a lien upon any judgment or settlement recovered." The lien is not made dependent upon whether the compensation payments made "on account of the children" were paid to the children's mother or to their guardian. The lien is intended to be on the recovery, itself, so that there will be a full reimbursement of the compensation benefits. Under the majority's rationale, the personal representative will be in a position effectively to preclude any recovery on a worker's compensation lien by structuring a settlement so that the proceeds of the recovery are allocated to the children.
According to Professor Larson, the central objective of a good worker's compensation subrogation statute is to have
the third party paying what he would normally pay if no compensation question were involved; the employer and carrier "coming out even" by being reimbursed for their compensation expenditure; and the employee getting any excess of the damage recovery over compensation.
2A A. Larson, The Law of Workmen's Compensation § 74.16(a), 14-354 (1986). This objective is thwarted by the majority's strained interpretation of section 440.39(3)(a).
McDONALD, C.J., concurs.
NOTES
[*] With respect to this issue, the applicable portions of the current statute remain the same as they were in 1981.